Christina L. Trinh (SBN 307879)
  E-Mail: ctrinh@mabr.com
MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 202-1900

Charles J. Veverka (*Pro Hac Vice* admitted*)*
  E-mail: cveverka@mabr.com
Timothy E. Nielsen (*Pro Hac Vice* admitted*)*
  E-mail: tnielsen@mabr.com
MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360

Attorneys for Defendant Shot of Joy LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOTANIC TONICS, LLC, a Delaware limited liability company | Case No. 2:23-cv-10437-WLH-PD |
| Plaintiff, | **DEFENDANT SHOT OF JOY LLC'S NOTICE OF MOTION AND MOTION TO DISMISS** |
| v. | |
| SHOT OF JOY LLC, a California limited liability company, | District Judge:  Wesley L. Hsu |
| | Magistrate Judge:  Patricia Donahue |
| Defendant. | Date:  Friday, March 29, 2024 |
| | Time:  1:30 p.m. |
| | Courtroom:  9B |

MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 29, 2024 at 1:30 p.m. in Courtroom 9B of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, defendant SHOT OF JOY LLC will, and hereby does, move this Court to dismiss Plaintiff BOTANIC TONICS, LLC's Complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6)for failure to state a claim upon which relief may be granted and on the basis that Plaintiff lacks standing.

This Motion is made following the conference of counsel where the parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference pursuant to Local Rule 7-3 and Standing Order, Section G.1.(a), which took place February 5, 2024.

This Motion is and will be based on this notice. The following points and authorities, other materials already in the Court's file, and such other argument and authority as may be presented in connection with the Motion.

Dated: February 12, 2024

MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP

By: */s/ Christina L. Trinh*
Christina L. Trinh
C.J. Veverka (*Pro Hac Vice* admitted*)*
Timothy E. Nielsen (*Pro Hac Vice* admitted)

Attorneys for Defendant, Shot of Joy LLC

## <u>**TABLE OF CONTENTS**</u>

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ................................................................................................1

III.    LEGAL STANDARDS ......................................................................................3

    a.    Motions to Dismiss under Fed. R. Civ. P. 12(b)(6). ...................................3

    b.    Standing for Botanic's Claims Two through Five. ......................................4

IV.     ARGUMENT......................................................................................................4

    a.    Botanic's first claim for federal trademark infringement fails because
        Botanic fails to plausibly allege a likelihood of confusion.........................4

        i.    Botanic fails to plausibly allege sufficient strength of the mark. .......5

        ii.   Botanic fails to plausibly allege that the proximity of the goods
            supports a finding of confusion..........................................................6

        iii.  Botanic fails to plausibly allege that the similarity of the marks
            supports a finding of confusion..........................................................7

        iv.   Botanic fails to allege any instance of actual confusion. ...................8

        v.    Botanic fails to plausibly allege any similarity in non-ubiquitous
            marketing channels..............................................................................8

        vi.   Botanic fails to allege that the type of good sold or the care exercised
            by its consumers would plausibly support a finding of confusion. ....9

        vii.  SOJ did not adopt a mark which is similar to "FEEL FREE" and
            therefore cannot have done so knowingly. ......................................10

        viii. Likelihood of expansion of product lines was not alleged. ..............10

    b.    Botanic lacks standing to bring its second claim for federal copyright
        infringement because it has suffered no injury in fact and failed to
        demonstrate that any injury can be redressed. .........................................11

        i.    Botanic has not suffered an injury in fact because it was not the
            owner of any legal right to the alleged copyrighted work at the time
            of the alleged infringement. .............................................................11

        ii.   Botanic has failed to plead any cognizable damages in relation to its
            federal copyright claim and cannot show that a favorable decision
            will redress an injury to Botanic. .....................................................13

    c.    Botanic lacks standing to bring its third claim for federal unfair
        competition and fails to state a claim upon which relief may be granted..14

        i.    Botanic fails to demonstrate standing under the Lanham Act and fails
            to adequately state a claim under Rule 12(b)(6). .............................15

        ii.   Botanic's claim for unfair competition under the Lanham Act must
            be dismissed pursuant to Rule 12(b)(6) because Botanic has failed to
            plausibly allege a likelihood of confusion. ......................................15

    d.    Botanic's fourth claim for false advertising under California Business and
        Professions Code § 17500 is substantially congruent to its Lanham Act
        claims and should be dismissed because Botanic failed to plausibly allege
        a likelihood of confusion.........................................................................16

i

e.    Botanic's fifth claim for unfair competition under California Business and Professions Code § 17200 is substantially congruent to its Lanham Act claims and should be dismissed because Botanic failed to plausibly allege a likelihood of confusion.................................................................17

f.    Botanic's fourth and fifth claims under California Business and Professions Code §§ 17200 and 17500 are preempted by the Copyright Act and must be dismissed.................................................................17

g.    Botanic lacks standing to bring claims on behalf of "consumers" under California Business and Professions Code §§ 17200 and 17500 and these claims should be dismissed. ..................................................................18

V.    CONCLUSION................................................................................19

MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Academy of Motion Picture Arts & Sciences v. Creative House
Promotions, Inc.*,
    944 F.2d 1446 (9th Cir.1991) ........................................................ 16, 17

*AMF Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979), abrogated by *Mattel, Inc. v. Walking
    Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) ................................ 10

*Arias v. Superior Ct.*,
    46 Cal. 4th 969, 209 P.3d 923 (2009) ............................................. 19

*Bell Atlantic Corp. v. Twombly*,
    550 U.S.544 (2007) ........................................................ 3, 8, 14, 15

*Biolase, Inc. v. Fotona Proizvodnja Optoelektronskih Naprav D. D.*,
    2014 WL 12577153 (C.D. Cal. Sept. 15, 2014) ................................ 16

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
    174 F.3d 1036 (9th Cir. 1999) ......................................................... 7

*Brown v. Elec. Arts, Inc.*,
    724 F.3d 1235 (9th Cir. 2013) ......................................................... 3

*California Med. Assn. v. Aetna Health of California Inc.*,
    1086, 532 P.3d 250 (2023) ............................................................. 4

*Century 21 Real Est. Corp. v. Sandlin*,
    846 F.2d 1175 (9th Cir. 1988) ................................................... 15, 16

*Cleary v. News Corp.*,
    30 F.3d 1255 (9th Cir. 1994) ......................................................... 17

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
    528 F.3d 696 (9th Cir. 2008) ......................................................... 13

*E & J Gallo Winery v. Gallo Cattle Co.*,
    967 F.2d 1280 (9th Cir.1992) .......................................................... 5

MOTION TO DISMISS

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ............................................................... 11, 13, 18

*Hansen Beverage Co. v. Cytosport, Inc.*,
   2009 WL 5104260 (C.D. Cal. Nov. 4, 2009) ......................... 5, 7, 9, 10

*Jack Daniel's Properties, Inc. v. VIP Prod. LLC*,
   599 U.S. 140 (2023) .............................................................. 3, 4, 11, 16

*L. v. Sony Music Ent., Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ....................................................... 17, 18

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ........................................................................... 4

*Moroccanoil, Inc. v. Zotos Int'l, Inc.*,
   230 F. Supp. 3d 1161 (C.D. Cal. 2017) ............................................. 4

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
   638 F.3d 1137 (9th Cir. 2011) .................................................... 5, 6, 8, 9

*New West Corp. v. NYM Co. of California*,
   595 F.2d 1194 (9th Cir.1979) ........................................................... 15

*Oracle Corp. v. SAP AG*,
   765 F.3d 1081 (9th Cir. 2014) ......................................................... 13

*Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*,
   354 F.3d 1020 (9th Cir. 2004) ........................................................... 8

*Punchbowl, Inc. v. AJ Press, LLC*,
   90 F.4th 1022 (9th Cir. 2024) .............................................. 3, 4, 11, 16

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ......................................................................... 11

*ThermoLife Int'l, LLC v. Compound Sols., Inc.*,
   848 F. App'x 706 (9th Cir. 2021) ................................................. 4, 14

*Wise v. City of Portland*,
   539 F. Supp. 3d 1132 (D. Or. 2021) ............................................... 11

**Statutes**

15 U.S.C. § 1125 ................................................................................ 4, 15

MOTION TO DISMISS

17 U.S.C. § 103.2 ........................................................................... 17

17 U.S.C. § 106 ......................................................................... 4, 17

17 U.S.C. § 1021 ........................................................................... 17

California Business and Professions Code § 17200 ....................... 2, 17, 18

California Business and Professions Code § 17500 ................... 2, 16, 17, 18

California Code of Civil Procedure § 382 ................................... 19

Copyright Act ............................................................... 1, 17, 18

Lanham Act (15 U.S.C. §§ 1051-1127) ........................................ *passim*

**Court Rules**

Federal Rule of Civil Procedure 8 ........................................ 3

Federal Rule of Civil Procedure 12 ...................................... *passim*

MOTION TO DISMISS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

Defendant SHOT OF JOY LLC ("SOJ") hereby moves to dismiss the Complaint filed by Plaintiff BOTANIC TONICS, LLC ("Botanic") in the above captioned action (ECF No. 1, the "Complaint"). Botanic's first and third claims which arise under the Lanham Act (15 U.S.C. §§ 1051-1127) fail to plausibly allege a likelihood of confusion; as a result, Botanic's first and third claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In addition, Botanic fails to adequately allege that it has suffered an *injury in fact* in relation to claims two, three, four, and five of the Complaint, or, at least, fails to allege facts beyond a formulaic recitation of the elements. Claims four and five of the Complaint must also be dismissed on the basis that they are substantially congruent to Botanic's Lanham Act claims and are preempted by the Copyright Act. Finally, Botanic lacks standing to bring claims on behalf of non-party consumers. As such, SOJ requests this Court dismiss the Complaint in its entirety.

## **II.   BACKGROUND**

SOJ and Botanic both engage in the online promotion and sale of plant-based tonics. Botanic has alleged that it is the owner of the federally registered trademark "FEEL FREE," which Botanic uses in a stylized manner as a brand-name and designation of source on its line of tonics:



MOTION TO DISMISS

1  (Complaint at ¶ 14).

2      SOJ brands and designates its tonics with the words "SHOT OF JOY" which

3  it displays in a stylized manner on its products and which it uses in both plain text

4  and a stylized manner on its marketing and website as a designation of source for its

5  tonics. Botanic's Complaint alleges trademark infringement on the basis that SOJ

6  has used the words "feel" and "free" in its online advertising—sometimes together

7  (as a phrasal verb "feel free") and other times apart from one another (as in "feel

8  excited and free"):

9

10

11



20  (Complaint at ¶ 18).

21      Botanic also brings claims seeking to enforce copyright rights against SOJ for

22  a video which was created and published by a third-party who is not a part of this

23  action. Botanic alleges that after the alleged infringing acts, Botanic has

24  subsequently acquired and registered the copyright and now seeks to retroactively

25  recover against SOJ. Botanic also purports to bring separate claims against SOJ

26  under California Business and Professions Code §§ 17200 and 17500. In addition to

27  raising allegations on behalf of unknown and unnamed consumers, these claims

28  substantially assert the same rights as Botanic's trademark and copyright claims.

MOTION TO DISMISS

SOJ now moves the Court to dismiss the Complaint in its entirety and respectfully submits the following points and authorities.

## III.   LEGAL STANDARDS

### a.  Motions to Dismiss under Fed. R. Civ. P. 12(b)(6).

Courts may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To properly plead a cause of action, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555 (2007). While detailed factual allegations are not always necessary, a well-pled complaint must allege "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. And the court need not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1248 (9th Cir. 2013) (quotation omitted).

Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). The plausibility standard is not an assessment of factual probabilities; however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

With respect to Lanham Act claims, dismissal for failure to state a claim upon which relief may be granted is warranted where a plaintiff fails to "plausibly allege likelihood of confusion at the Rule 12(b)(6) stage." *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1031 (9th Cir. 2024); accord *Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140, 157 n.2 (2023) ("[I]f, in a given case, a plaintiff fails

to plausibly allege a likelihood of confusion, the district court should dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).").

### b. Standing for Botanic's Claims Two through Five.

In order to establish Article III standing, a plaintiff must show that they have suffered an injury in fact, there must be a causal connection between the injury and the conduct complained of, and it must be likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In addition, claims arising under a particular statute (*i.e.*, 15 U.S.C. § 1125(a), 17 U.S.C. § 106, and the Cal. Bus. & Prof. Code) may impose additional, narrower standing requirements. *See ThermoLife Int'l, LLC v. Compound Sols., Inc.*, 848 F. App'x 706, 709 (9th Cir. 2021) (holding that in order to assert a federal unfair competition claim, which derives from the Lanham Act, a plaintiff must have standing under both Article III and the Lanham Act); *see also California Med. Assn. v. Aetna Health of California Inc.*, 1086, 532 P.3d 250, 257 (2023) (holding that the California Business and Professions Code imposes specific, more narrow, requirements on standing).

## IV.   ARGUMENT

### a. Botanic's first claim for federal trademark infringement fails because Botanic fails to plausibly allege a likelihood of confusion.

"To succeed on a claim for trademark infringement, the plaintiff must demonstrate: (1) the presence of a valid and protectable trademark; and (2) that defendant's use of the mark is likely to cause consumer confusion." *Moroccanoil, Inc. v. Zotos Int'l, Inc.*, 230 F. Supp. 3d 1161, 1171 (C.D. Cal. 2017) (internal quotations and citations omitted). The Supreme Court has recently acknowledged that where a "plaintiff fails to plausibly allege a likelihood of confusion, the district court should dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6)." *Jack Daniel's Properties*, 599 U.S. at 157 n.2; *see also Punchbowl*, 90 F.4th at 1031 (acknowledging that a plaintiff may fail to "plausibly allege likelihood of confusion

1   at the Rule 12(b)(6) stage"). In assessing a likelihood of confusion, the Ninth Circuit

2   considers the following eight factors: "[1] strength of the mark; [2] proximity of the

3   goods; [3] similarity of the marks; [4] evidence of actual confusion; [5] marketing

4   channels used; [6] type of goods and the degree of care likely to be exercised by the

5   purchaser; [7] defendant's intent in selecting the mark; and [8] likelihood of

6   expansion of the product lines." *Network Automation, Inc. v. Advanced Sys.*

7   *Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011) (internal quotations and

8   citations omitted).

9            **i.  Botanic fails to plausibly allege sufficient strength of the mark.**

10          The strength of a mark is "probative of confusion…because a consumer

11   searching for a generic term is more likely to be searching for a product category."

12   *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1149

13   (9th Cir. 2011). Trademarks fall into four categories: (1) generic, (2) descriptive, (3)

14   suggestive, and (4) arbitrary or fanciful. *Hansen Beverage Co. v. Cytosport, Inc.*,

15   2009 WL 5104260, at *6 (C.D. Cal. Nov. 4, 2009). "The strength of a mark is

16   determined by its placement on a continuum of marks" with "generic afforded no

17   protection," "descriptive, or suggestive, given moderate protection," and "arbitrary

18   or fanciful awarded maximum protection." *E & J Gallo Winery v. Gallo Cattle Co.*,

19   967 F.2d 1280, 1291 (9th Cir.1992) (internal quotations omitted).

20          Here, the alleged mark "FEEL FREE" is a common two-word phrase which is

21   descriptive or suggestive of the way the products sold under the mark are intended

22   to make consumers feel. (*See* Complaint at ¶ 19-20).  Botanic alleges both SOJ's

23   and its products "are made from kava and kratom, and both market an alcoholic

24   alternative aimed at providing consumers with relaxation and enhanced

25   productivity." (Id.). While Botanic uses the words "FEEL FREE" as a designation

26   of source for its products, SOJ merely uses the common two-word phrase to

27   describe the intended benefits common to products sold by <u>both</u> SOJ and Botanic.

28   (*Compare* Complaint at ¶ 14 ("[Botanic's] FEEL FREE products contain labels that

MOTION TO DISMISS

display the FEEL FREE mark") *with* ¶ 18 (SOJ's website displaying the phrase "Feel Free & Energetic") *and* ¶ 21 (SOJ's website displaying the words "feel" and "free" in an unconnected manner as part of a longer phrase which concludes "…feel excited and free"). Based on the allegations in the Complaint, the words "feel free" constitute, at best, a generic term which describes the intended effect of Botanic's (and SOJ's) products and Botanic has failed to plausibly allege that their asserted mark is sufficiently strong to support a likelihood of confusion.

> **ii.   Botanic fails to plausibly allege that the proximity of the goods supports a finding of confusion.**

The proximity factor "must be considered in conjunction with the labeling and appearance of the advertisements," and the proximity of the goods is "less important if advertisements are clearly labeled." *Network Automation, Inc.*, 638 F.3d at 1150. Here, while the Complaint alleges that SOJ and Botanic compete with similar products, the Complaint also clearly shows that SOJ marks its web-based advertisements and its products with a visually distinct mark which does not include the words "FEEL FREE" and which serves as the designation of source for SOJ's products (the mark "SHOT OF JOY"). (*See e.g.*, Complaint at ¶ 18). Despite any purported similarity of their goods, the Complaint alleges that Botanic uses "FEEL FREE" in a stylized manner as a designation of source while SOJ's alleged infringement consists only of the bare use of the words "feel" and "free" in advertising text which is accompanied by SOJ's own trademark which servs as a clearly distinct designation of source for SOJ's products. (*See e.g.*, Complaint at ¶¶ 14, 21).

/ / /

/ / /

/ / /

/ / /

/ / /

1

 

(Complaint at ¶¶ 14, 18).

Thus, the Complaint fails to adequately allege facts sufficient to find this factor weighs in favor of a finding of confusion.

### iii.  Botanic fails to plausibly allege that the similarity of the marks supports a finding of confusion.

When addressing the similarity of an alleged infringing mark, courts typically compare two similar marks which each serve to identify the source of the goods being offered or sold.  *See e.g.*, *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046-47 (9th Cir. 1999) (comparing "MovieBuff" with "moviebuff.com"); *see also Hansen Beverage Co.*, 2009 WL 5104260, at *12 (comparing "MONSTER MILK" with "MONSTER ENERGY"). That is not the case here. Botanic's Complaint does not allege that consumers are presented with two products branded with similar marks, but that, at most, consumers are presented with the words "feel" and "free" in SOJ's marketing materials which are <u>accompanied by</u> SOJ's separate and distinct trademark.

Thus, this factor is, at best, inapplicable in light of the allegations in the Complaint. That SOJ's products and advertisements are clearly branded with a visually distinct mark weighs against a finding of confusion. (*See* Complaint at ¶¶

MOTION TO DISMISS

18-22).

### iv.  Botanic fails to allege any instance of actual confusion.

"[A] showing of actual confusion among significant numbers of consumers provides strong support for the likelihood of confusion." *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1026 (9th Cir. 2004).

The Complaint is devoid of <u>any</u> allegation of actual confusion, let alone confusion among a significant number of consumers. (*See* Complaint). Instead, Botanic rotely recites this factor (*e.g.*, Complaint at ¶ 23 "[the similarity] causes consumer confusion"); but such conclusory recitations of legal elements fall far short of the standard to avoid dismissal under Rule 12(b)(6). *See Twombly*, 550 U.S. 544, 555. Thus, Botanic has failed to plausibly show that this factor supports a finding of confusion.

### v.  Botanic fails to plausibly allege any similarity in non-ubiquitous marketing channels.

While similarity of marketing channels should be considered, "[t]oday, it would be the rare commercial retailer that did not advertise online." *Network Automation, Inc.*, 638 F.3d at 1151. Thus, in the context of a likelihood of confusion analysis, "the shared use of a ubiquitous marketing channel does not shed much light on the likelihood of consumer confusion." *Id.*

Throughout the Complaint, the only marketing channels alleged are broadly described online advertising channels. (*See e.g.*, Complaint at ¶¶ 15, 16, 18, 19, 21, and 23). The Complaint fails to allege any marketing channels used which are not ubiquitous and fails to assert any allegations that shed additional light on the similarity of marketing channels used by both SOJ and Botanic. Thus, Botanic has failed to plausibly allege that this factor would support a finding of confusion.

/ / /

/ / /

/ / /

vi. **Botanic fails to allege that the type of good sold or the care exercised by its consumers would plausibly support a finding of confusion.**

In assessing a likelihood of confusion, courts in the Ninth Circuit apply the standard of a typical consumer exercising an ordinary degree of caution. *See Network Automation, Inc.*, 638 F.3d at 1152. The Ninth Circuit has also "acknowledged that the default degree of consumer care is becoming more heightened as the novelty of the Internet evaporates and online commerce becomes commonplace." *Id*.

Here, Botanic and SOJ market and sell their products exclusively through online channels, without additional allegations by Botanic that its target consumers exercise a superficial or unsophisticated level of care. As such, based on the allegations of the Complaint alone, Botanic's target consumers are likely to assess its products (and SOJ's product) with a heightened level of sophistication and discernment.  Botanic also alleges that the industry in which both Botanic and SOJ sell their products is subject (at least to some degree) to regulation by the Food and Drug Administration. (Complaint at ¶ 47). This allegation, in addition to Botanic's contention that it sells a "wellness drink" with "known" benefits (Complaint at ¶ 15) supports a finding that the Botanic's consumers exercise an even higher degree of caution when purchasing its products. *Hansen Beverage Co. v. Cytosport, Inc.*, No. CV 09-0031-VBF(AGRX), 2009 WL 5104260, at *20 (C.D. Cal. Nov. 4, 2009) (holding that "consumers of energy and ready-to-drink protein beverages are not so uneducated as to not know their product"). With respect to this factor, the Complaint fails to plausibly allege that the type of goods sold by Botanic, and the heightened degree of care exercised by its target consumers, would support a finding of confusion.

/ / /

/ / /

### vii.  SOJ did not adopt a mark which is similar to "FEEL FREE" and therefore cannot have done so knowingly.

"When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979), abrogated by *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003).

The Complaint fails to allege that SOJ adopted the words "feel free" as SOJ's own mark. To the contrary, the Complaint alleges only that SOJ used the words "feel" and "free" in supplemental marketing text which was posted online in close proximity to SOJ's own visually distinct mark. Botanic has failed to allege any fact which, if taken as true for the purposes of this Motion, could show that SOJ has adopted a mark similar to "FEEL FREE." Botanic has failed to plausibly allege that this factor could support a finding of confusion.

### viii.  Likelihood of expansion of product lines was not alleged.

"Inasmuch as a trademark owner is afforded greater protection against competing goods, a strong possibility that either party may expand his business to compete with the other will weigh in favor of finding that the present use is infringing." *Sleekcraft Boats*, 599 F.2d 354 (internal quotations omitted). However, "[m]ere speculation about future plans is insufficient; [a] [p]laintiff must proffer concrete evidence of expansion plans into new product lines." *Hansen Beverage Co.*, 2009 WL 5104260, at *21.

Here, while the Complaint does allege that SOJ competes with Botanic, the extent of this competition is subsumed by the factors addressed above: *proximity of goods*, *evidence of actual confusion*, *marketing channels used*, *and type of goods sold*. Botanic fails to make any reasonably concrete allegations (or any allegations at all) about SOJ's plans for market expansion and therefore has failed to allege any fact in support of finding a likelihood of confusion under this factor.

Even taken as true for the purposes of this Motion, the Complaint fails to plausibly allege a likelihood of confusion and on that basis, Botanic's claim for trademark infringement must be dismissed at the 12(b)(6) stage. *See Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th at 1031; *accord Jack Daniel's Properties, Inc.*, 599 U.S. 140, n.2.

**b. Botanic lacks standing to bring its second claim for federal copyright infringement because it has suffered no injury in fact and failed to demonstrate that any injury can be redressed.**

Article III of the Constitution confers only limited authority on federal courts and a plaintiff must demonstrate standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). In order to demonstrate standing, a plaintiff must show: (1) an injury in fact; (2) that the injury is traceable to the challenged action of the defendant; and (3) that it is likely that the injury will be redressed by a favorable decision in the court. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

**i. Botanic has not suffered an injury in fact because it was not the owner of any legal right to the alleged copyrighted work at the time of the alleged infringement.**

"An 'injury in fact' means an invasion of the <u>plaintiff's</u> legally protected interest that, among other things, is 'concrete and particularized.'" *Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1140 (D. Or. 2021) (quoting *Spokeo, Inc.*, 578 U.S. 330) (emphasis added).

Here, the Complaint alleges that SOJ engaged in actions which Botanic states, in conclusory manner, infringe upon Botanic's copyrights in a consumer-created YouTube video providing a product review of its FEEL FREE product. (*See e.g.*, Complaint at ¶¶ 35, 38, and 45). Importantly, Botanic repeatedly references an original posting date (March 31, 2022) of the YouTube product review Botanic purports to own. (Complaint at ¶¶ 33, 35, 45, and 59). Botanic further includes a

MOTION TO DISMISS

1  screenshot of the YouTube video with the date clearly visible. (Complaint at ¶ 33).

2  Botanic goes on to allege that "[s]ince at least May 1, 2023,[1] [SOJ] has advertised

3  its product on Facebook using a deceptively edited advertisement that infringes on

4  [Botanic's] copyright rights." (Complaint at ¶ 38). This allegation contradicts other

5  allegations in the Complaint and, assuming the date alleged is correct, Botanic was

6  <u>not</u> the owner of a protected copyright interest in the video at the time of the alleged

7  conduct by SOJ. Specifically, Botanic does not specify a date on which the alleged

8  copyright infringement occurred aside from a reference to "May 1, 2023."

9  (Complaint at ¶ 38). Botanic also alleges that the video at issue was originally

10  published to YouTube on March 31, 2022 and that the video "constitutes original

11  work and copyrightable subject matter." (Complaint at ¶ 59). But in the very next

12  paragraph of the Complaint, Botanic alleges that it has satisfied the registration

13  requirements for the video without acknowledging that Botanic only acquired the

14  rights to the video through an alleged assignment on <u>September 26, 2023</u>.

15  (Complaint at ¶ 60).

16  　　　　Thus, Botanic had no right, title, or legally cognizable interest in the video at

17  the time of the alleged infringing conduct. Simply put, by its own allegations,

18  Botanic could not have suffered a concrete and particularized invasion of its own

19  <u>legally protected interest</u>. Botanic's second claim for federal copyright infringement

20  must be dismissed for lack of standing.

21  / / /

22  / / /

23  _____

24  [1] It is worth noting that although Botanic has demonstrated that it can capture a
    screenshot from YouTube which will document and reflect the date of a video and

25  the information identifying the poster of the video, Botanic has chosen to include a
    screenshot of the allegedly infringing video which has been cropped in a manner

26  which cuts-off the posting date and the name of the entity that posted the video.

27  (*Compare* Screenshot of Original Video #1 *with* Screenshot of Shot of Joy

28  Deceptive Ad, Complaint ¶ 41).

MOTION TO DISMISS

**ii. Botanic has failed to plead any cognizable damages in relation to its federal copyright claim and cannot show that a favorable decision will redress an injury to Botanic.**

In order to demonstrate standing, a plaintiff must show that it is likely that its injury will be redressed by a favorable decision in the court. *Friends of the Earth, Inc.*, 528 U.S. 167, 180-81 (2000). This must be more than a speculative right to relief. *See id.*

A "copyright owner is entitled to recover [1] the actual damages suffered by him or her as a result of the infringement, and [2] any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014). In some circumstances, copyright owners may also be able to recover statutory damages. "[I]order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) (emphasis added).

While Botanic loosely alleges that it may be eligible to receive statutory damages based on its registration of the video at issue, Botanic has failed to allege facts necessary to support this. According to the Complaint, Botanic registered its copyright on October 9, 2023. Botanic has not alleged a single instance of infringement on or after October 9, 2023, and the registration date is not within three months of the alleged initial date of publication. Based on the allegations of the Complaint, Botanic cannot recover statutory damages.

While copyright owners can also recover actual damages, including disgorgement of an infringers' related profits, Botanic fails to plead any actual damages or allege any facts specifying that (or how) the alleged copyright infringement resulted in discernable profit for SOJ.  Botanic's only allegations alleging damages for its federal copyright infringement claim include statements

13

such as "[SOJ] reaped the benefits of the unauthorized copying and distribution of the [Botanic's] Copyrighted Work in the form of revenue and other profits that are driven by the sale of [SOJ's] tonics…" and "[SOJ] by its actions, has damaged [Botanic] in an amount to be determined at trial." (Complaint at ¶¶ 63, 65). Aside from these conclusory statements, Botanic has failed to allege any actual damages or relief to which it would be entitled if it were to prevail on its claim.[2] Botanic's second claim for copyright infringement must be dismissed for lack of standing.

Alternatively, as stated above, Botanic's mere recitation of the elements and conclusory statement that it has been damaged are insufficient to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. 544, 555 (holding that "a formulaic recitation of the elements of a cause of action" is insufficient). Botanic's second claim for copyright infringement must be dismissed for lack of standing or, alternatively, pursuant to Rule 12(b)(6).

**c. Botanic lacks standing to bring its third claim for federal unfair competition and fails to state a claim upon which relief may be granted.**

In order to assert a federal unfair competition claim, which derives from the Lanham Act, a plaintiff must have standing under both Article III and the Lanham Act. *See ThermoLife Int'l, LLC v. Compound Sols., Inc.*, 848 F. App'x 706, 709 (9th Cir. 2021). "The relevant question is not whether the plaintiff's interest is reasonable, but whether it is one the Lanham Act protects; and not whether there is a reasonable basis for the plaintiff's claim of harm, but whether the harm alleged is proximately tied to the defendant's conduct. *Lexmark Int'l, Inc. v. Static Control Components*, Inc., 572 U.S. 118, 137 (2014). Thus, demonstrating statutory standing

---

[2] This is further compounded by the fact that the alleged injury is not Botanic's injury but rather an injury to an unspecified party who held the legal rights to the video at issue prior to the assignment alleged by Botanic.

MOTION TO DISMISS

under the Lanham Act is a heightened standard and requires allegations that an alleged injury be proximately tied to the defendant's conduct. *See id*.

### i. Botanic fails to demonstrate standing under the Lanham Act and fails to adequately state a claim under Rule 12(b)(6).

"[A] plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing <u>directly</u> from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark Int'l, Inc.*, 572 U.S. at 131–32 (emphasis added).

Botanic's allegations of unfair competition under the Lanham do not plausibly allege facts showing that consumers withheld trade from Botanic on the basis of SOJ's allegedly deceptive advertising. (*See* Complaint at COUNT III, ¶¶ 67-74). Nor does Botanic allege facts demonstrating whether (or how) SOJ's alleged conduct is <u>proximately tied</u> to consumers withholding trade from Botanic.

Instead, Botanic merely recites the elements of the claim while failing to plead a single specific allegation of a lost sale or a missed sales transaction. (*See* Complaint at ¶ 73). Such formulaic recitation of elements is insufficient to demonstrate statutory standing requirements imposed by the Lanham Act and is also insufficient to state a claim under Rule 12(b)(6). *See Twombly*, 550 U.S. 544, 555 (holding that "a formulaic recitation of the elements of a cause of action" is insufficient).

### ii. Botanic's claim for unfair competition under the Lanham Act must be dismissed pursuant to Rule 12(b)(6) because Botanic has failed to plausibly allege a likelihood of confusion.

The test for federal unfair competition arising under the Lanham Act is "exactly the same as for trademark infringement: whether the public is likely to be deceived or confused by the similarity of the marks." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting *New West Corp. v. NYM Co.*

*of California*, 595 F.2d 1194, 1201 (9th Cir.1979)) (internal quotations and citations omitted). The question of whether a plaintiff has plausibly alleged a likelihood of confusion is properly addressed at the motion to dismiss stage. *See Punchbowl, Inc.*, 90 F.4th at 1031; *see also Jack Daniel's Properties, Inc.*, 599 U.S. at 157 n.2.

As discussed above, Botanic has failed to plausibly allege a likelihood of confusion. *See, supra,* Section IV.a.i-IV.a.viii. Because Botanic has failed to plausibly allege confusion, its claim for federal unfair competition arising under the Lanham Act must also be dismissed.

### d. Botanic's fourth claim for false advertising under California Business and Professions Code § 17500 is substantially congruent to its Lanham Act claims and should be dismissed because Botanic failed to plausibly allege a likelihood of confusion.

"False advertising claims under Section 17500 are substantially congruent to claims made under the Lanham Act and thus rise or fall with Lanham Act claims." *Biolase, Inc. v. Fotona Proizvodnja Optoelektronskih Naprav D. D.*, 2014 WL 12577153, at *2 (C.D. Cal. Sept. 15, 2014) (internal quotations omitted). "Under both, the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks." *Academy of Motion Picture Arts & Sciences*, 944 F.2d at 1457 (quoting *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir.1988)) (internal quotations omitted). Claims brought under § 17500 will rise or fall with a plaintiff's Lanham Act claims. As such, Botanic's § 17500 claim should be dismissed.

As discussed in detail above, Botanic has not plausibly alleged a likelihood of confusion. *See, supra,* Section IV.a.i-IV.a.viii. Thus, Botanic has failed to state a claim under the Lanham Act and Botanic's claim under § 17500 must likewise fail.

///

///

///

1    **e.  Botanic's fifth claim for unfair competition under California Business**
2    **and Professions Code § 17200 is substantially congruent to its Lanham**
3    **Act claims and should be dismissed because Botanic failed to plausibly**
4    **allege a likelihood of confusion.**

5    "[A]ctions pursuant to California Business and Professions Code § 17200 are
6    'substantially congruent' to claims made under the Lanham Act." *Cleary v. News*
7    *Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (quoting *Academy of Motion Picture*
8    *Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th
9    Cir.1991)). "Under both, the ultimate test is whether the public is likely to be
10   deceived or confused by the similarity of the marks." *Academy of Motion Picture*
11   *Arts & Sciences*, 944 F.2d at 1457 (internal quotations omitted). Claims brought
12   under § 17200 will rise or fall with a plaintiff's Lanham Act claims.

13   As discussed in detail above, Botanic has not plausibly alleged a likelihood of
14   confusion. *See, supra,* Section IV.a.i-IV.a.viii. Thus, Botanic has failed to state a
15   claim under the Lanham Act and Botanic's claim under § 17200 must likewise fail.

16   **f.  Botanic's fourth and fifth claims under California Business and**
17   **Professions Code §§ 17200 and 17500 are preempted by the Copyright**
18   **Act and must be dismissed.**

19   The Ninth Circuit has "adopted a two-part test to determine whether a state
20   law claim is preempted by the [Copyright] Act." *L. v. Sony Music Ent., Inc.*, 448
21   F.3d 1134, 1137 (9th Cir. 2006). First, a court must "determine whether the subject
22   matter of the state law claim falls within the subject matter of copyright as described
23   in 17 U.S.C. §§ 1021 and 103.2." *Id.* (internal quotations omitted). "Second,
24   assuming that it does, [the court] must determine whether the rights asserted under
25   state law are equivalent to the rights contained in 17 U.S.C. § 106." *Id.* at 1137-38.

26   In *Kodadek v. MTV Networks, Inc.*, the plaintiff brought claims alleging both
27   federal copyright infringement and unfair competition under the California Business
28   and Professions Code. 152 F.3d 1209, 1210-11 (9th Cir. 1998). The *Kodadek* court

17

noted that the plaintiff's "unfair competition claim incorporate[ed] by reference paragraphs from the copyright infringement claim," and that the "paragraphs of consequence" in the unfair competition claim were substantially based on "rights granted by the Copyright Act." *Id*. at 1212-13. The *Kodadek* court ultimately concluded that where a plaintiff "expressly bases his unfair competition claim on rights granted by the Copyright Act…both prongs of the preemption analysis are met, and [plaintiff's] unfair competition claim is preempted." *Id*. at 1213.

Here, Botanic incorporates by reference the paragraphs from its copyright claims into its claims brought under California Business and Professions Code §§ 17200 and 17500. (Complaint at ¶¶ 75, 84). The paragraphs of consequence in Botanic's 17200 and 17500 claims are substantially based on rights protected by the Copyright Act. (*See e.g.*, Complaint at ¶ 77 ("[SOJ] has knowingly disseminated untrue and misleading statements at least in the form of a Facebook advertisement video which falsely depicted Feel Free product reviews…"); Complaint at ¶ 86 ("[SOJ] has engaged and continues to engage in…<u>copyright infringement</u>…Shot of Joy has violated several…federal laws, including…<u>copyright infringement</u> law"); Complaint at ¶ 88 ("[SOJ] has engaged in 'fraudulent' business practices by…<u>deceptively edit[ing] videos</u> to fraudulently deceive consumers.").

Just as in *Kodadek*, Botanic has brought claims under the California Business and Professions Code expressly based on false advertising and unfair competition claims for rights protected by the Copyright Act. Both of Botanic's state law claims are preempted and must be dismissed.

**g. Botanic lacks standing to bring claims on behalf of "consumers" under California Business and Professions Code §§ 17200 and 17500 and these claims should be dismissed.**

In order to demonstrate standing, a plaintiff must show that it has suffered an injury in fact. *Friends of the Earth, Inc.*, 528 U.S. at 180-81. Furthermore, "a private party may pursue a representative action under the unfair competition law only if the

MOTION TO DISMISS

1  party complies with Section 382 of the Code of Civil Procedure to mean that such

2  an action must meet the requirements for a class action." *Arias v. Superior Ct.*, 46

3  Cal. 4th 969, 980, 209 P.3d 923, 929 (2009) (internal quotations omitted).

4    Throughout the Complaint, Botanic raises factually-devoid allegations that

5  SOJ has defrauded, misled, deceived, or otherwise harmed unnamed "consumers."

6  But these allegations purport to support claims on behalf of unspecified

7  "consumers" who are not in the action and, more importantly, are not Botanic.  (*See*

8  *e.g.*, Complaint at ¶ 36 ("On information and belief, [SOJ] us[es] advertisements

9  that…<u>deceive consumers</u>…"); Complaint at ¶ 39 ("Shot of Joy's videos also

10  <u>deceptively market its products to consumers</u>…"); Complaint at ¶¶ 42-44;

11  Complaint at ¶ 48 ("…[SOJ] has <u>harmed consumers</u>…"); Complaint at ¶ 50

12  ("[SOJ]…<u>deceptively lures consumers</u> to purchase [SOJ]'s products…"); Complaint

13  at ¶ 77 ("[SOJ has] knowingly disseminated untrue and misleading

14  statements…which…<u>mislead consumers</u>…"); Complaint at ¶ 78 ("[SOJ] has

15  disseminated untrue and misleading statements…<u>impacting…consumers</u>…");

16  Complaint at ¶ 82 ("[SOJ] has <u>fraudulently lured consumers</u>…"); Complaint at ¶ 88

17  ("[SOJ] edited videos to <u>fraudulently deceive consumers</u>…" and made "statements

18  designed to <u>mislead consumers</u>.").

19    Much like its efforts to recover damages on the basis of someone else's

20  copyrights (*see, supra,* Section IV.b.i), here Botanic appears to be relying on

21  allegations of harm to consumers to support its deficient claims against SOJ.

22  Botanic has not (and cannot) suffer the alleged injuries to consumers. And Botanic

23  is not an appropriate class representative to seek recovery on their behalf. On this

24  basis, Botanic's fourth and fifth claims brought under California's unfair

25  competition law and false advertising law should be dismissed.

26  **V.   CONCLUSION**

27    For the reasons articulated above, SOJ respectfully requests that the

28  Complaint be dismissed in its entirety on the basis that all five claims fail to state a

claim upon which relief can be granted; Botanic lacks standing to assert claims two, three, four, and five; and that claims four and five are preempted.

Dated: February 12, 2024

MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP

By: */s/ Christina L. Trinh*
Christina L. Trinh
C.J. Veverka (*Pro Hac Vice* admitted*)*
Timothy E. Nielsen (*Pro Hac Vice* admitted)

Attorneys for Defendant, Shot of Joy LLC

The undersigned, counsel of record for Defendant, Shot of Joy LLC, certifies that this brief contains 5767 words, which: _X_ complies with the word limit of L.R. 11-6.1.

Dated: February 12, 2024

MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP

By: */s/ Christina L. Trinh*
Christina L. Trinh
C.J. Veverka (*Pro Hac Vice* admitted*)*
Timothy E. Nielsen (*Pro Hac Vice* admitted)

Attorneys for Defendant, Shot of Joy LLC