WILSON TURNER KOSMO LLP
Frederick W. Kosmo, Jr. (SBN 138036)
Hubert Kim (SBN 204957)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  fkosmo@wilsonturnerkosmo.com
E-mail:  hkim@wilsonturnerkosmo.com

ARNALL GOLDEN GREGORY LLP
Kevin M. Bell (MD Bar No. 14832) (admitted *pro hac vice*)
Matthew D. Zapadka (VA Bar No. 88140) (admitted *pro hac vice*)
Justin F. Ferraro (VA Bar No. 92226) (admitted *pro hac vice*)
2100 Pennsylvania Avenue, NW, Suite 350S
Washington, DC  20037
Telephone: 202.677.4906
Facsimile: 202.677.4031
E-mail:  Kevin.Bell@AGG.com
E-mail:  Matthew.Zapadka@AGG.com
E-mail:  Justin.Ferraro@AGG.com

GORDEE, NOWICKI & BLAKENLY LLP
Kevin R. Nowicki (SBN 128686)
100 Spectrum Center Drive, Suite 870
Irvine, California  92618
Telephone: (949) 567-9923
Facsimile: (949) 567-9928
E-mail: knowicki@gna-law.com

Attorneys for Plaintiff
Botanic Tonics, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BOTANIC TONICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHOT OF JOY LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:23-cv-10437 WLH (PDx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:       March 29, 2024<br>Time:      1:30 p.m.<br><br>Judge:    Hon. Wesley L. Hsu<br>Courtroom: 9B, 9th Floor<br><br>Magistrate: Hon. Patricia Donahue<br>Courtroom: 580, 5th Floor |

Case No. 2:23-cv-10437 WLH (PDx)

1

## **<u>TABLE OF CONTENTS</u>**

2    I.      INTRODUCTION ............................................................................1

3    II.     STANDARD OF REVIEW .............................................................1

4    III.    ARGUMENT..................................................................................2

5            A.   Plaintiff Has Sufficiently Pled a Claim for Trademark
                  Infringement. ...................................................................... 2
6
7            B.   Plaintiff Has Standing to Bring a Claim for Copyright
                  Infringement. ...................................................................... 5
8
                  1.    Plaintiff Has Alleged Injury Satisfying Article III and
9                       Statutory Standing Requirements. ................................. 6

10                2.    Plaintiff Has Alleged Redressability and Damages
                        Satisfying Article III Standing. .................................... 7
11
             C.   Plaintiff Has Standing to, and Has Sufficiently Pled a Claim
12                for, Federal Unfair Competition............................................ 8

13           D.   Plaintiff's Claims are Not Preempted by the Copyright Act. ............. 9

14           E.   Plaintiff Has Standing Under Cal. Bus. & Prof. Code §§ 17200
                  and 17500. .........................................................................11
15
     IV.     CONCLUSION .............................................................................11

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Americas Outlaw Spirits Inc. v. Gunn*,
  No. 12-cv-04132-SJO-VBKx, 2012 WL 12886419 (C.D. Cal. Sept.
  12, 2012) ........................................................................................................2

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) ..................................................................2, 3, 4

*CE Res., Inc. v. Magellan Grp., LLC*,
  No. 2:08-CV-02999, 2009 WL 2031721 (E.D. Cal. July 8, 2009) .....................9

*Colwell v. Dep't of Health & Hum. Servs.*,
  558 F.3d 1112 (9th Cir. 2009) ........................................................................1

*Dita, Inc. v. Mendez*,
  No. CV 10-6277 PSG, 2010 WL 5140855 (C.D. Cal. Dec. 14 2010) ................2

*Empire TM Holdings, LLC v. Lohre*,
  No. 822CV00135, 2022 WL 18674587 (C.D. Cal. May 24, 2022) ................3, 5

*Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*,
  23 F.4th 1195 (9th Cir. 2022) .......................................................................1, 2

*Glob. Apogee v. Sugarfina, Inc.*,
  No. CV 18-5162-RSWL-E, 2018 WL 4945305 (C.D. Cal. Oct. 10,
  2018) ...........................................................................................................2, 4

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) ........................................................................9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014)........................................................................................8

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ........................................................................6

*McShannock v. JP Morgan Chase Bank NA*,
  976 F.3d 881 (9th Cir. 2020) ..........................................................................2

*Nat'l Photo Grp., LLC v. Allvoices, Inc.*,
  No. C-13-03627 JSC, 2014 WL 280391 (N.D. Cal. Jan. 24, 2014)..................7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Punchbowl, Inc. v. AJ Press, LLC*,
  90 F.4th 1022 (9th Cir. 2024) ...............................................................................4

*Robertson v. Burdon*,
  No. EDCV1800397, 2019 WL 2141971 (C.D. Cal. Apr. 3, 2019) .................5, 7

*Solofill, LLC v. Rivera*,
  No. CV1702956, 2017 WL 5953105 (C.D. Cal. Oct. 16, 2017).........................3

*SurvJustice Inc. v. DeVos*,
  No. 18-CV-00535-JSC, 2019 WL 1434141 (N.D. Cal. Mar. 29, 2019) .............7

*Swift Harvest USA, LLC v. Boley Int'l HK Ltd*,
  No. EDCV19170, 2020 WL 7380148 (C.D. Cal. Sept. 22, 2020) ......................7

*Visual Changes Skin Care Int'l, Inc. v. Neways*, *Inc.*,
  No. CVF08-0959, 2008 WL 4723603 (E.D. Cal. Oct. 24, 2008) .......................4

*Wimer v. Reach Out Worldwide, Inc.*,
  No. CV 17-1917-RSWL-ASX, 2017 WL 5635461 (C.D. Cal. July 13,
  2017) .................................................................................................................9, 10

*Wolfson v. Brammer*,
  616 F.3d 1045 (9th Cir. 2010) .............................................................................5

*Yaros v. Kimberly Clark Corp.*,
  No. 17CV1159, 2018 WL 3729520 (S.D. Cal. Aug. 6, 2018) ............................3

**State Cases**

*California Med. Assn. v. Aetna Health of California Inc.*,
  14 Cal. 5th 1075 (2023) .....................................................................................10

**Federal Statutes**

15 United States Code section 1114 .............................................................................2

15 United States Code section 1125 .......................................................................8, 9

17 United States Code section 102 ...............................................................................9

17 United States Code section 103 ...............................................................................9

17 United States Code section 501 ..........................................................................6, 7

iii     Case No. 2:23-cv-10437 WLH (PDx)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**State Statutes**

Business and Professions Code section 17203 ....................................................... 10

Business and Professions Code section 17204 ....................................................... 10

Business and Professions Code section 17200 .................................................... 9, 10

Business and Professions Code section 17500 .................................................... 9, 10

**Rules**

Federal Rule of Civil Procedure 8 ............................................................................ 3

Federal Rule of Civil Procedure 12 .......................................................................... 1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# I. INTRODUCTION

Plaintiff Botanic Tonics, LLC (hereinafter "Plaintiff" or "Botanic Tonics"), by and through counsel, hereby files this Opposition to Defendant Shot of Joy LLC's (hereinafter "Defendant" or "Shot of Joy") Motion to Dismiss with incorporated Memorandum of Points and Authorities ("MTD").

Plaintiff's Complaint alleges that Shot of Joy has engaged in federal trademark infringement (Count I), federal copyright infringement (Count II), federal and state unfair competition (Count III and V), and state false advertising (Count IV). (*See* Doc. 1, Compl.) Shot of Joy has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff has failed to state claims upon which relief can be granted and that Plaintiff lacks standing for certain causes of action. Shot of Joy also contends that Plaintiff's state unfair competition and false advertising claims are preempted by the Copyright Act. Shot of Joy is incorrect in each respect.

Plaintiff has standing to bring each cause of action included in the Complaint and the Complaint plausibly alleges claims underlying each cause of action. In contrast, Shot of Joy's arguments hinge upon authority applying summary judgment or injunctive relief standards, rather than the federal rules' pleading standard that is to be applied here. And many of Defendant's arguments are factual contentions that attempt to attack the merits of Plaintiff's Complaint and are inapplicable at this phase of the proceedings. Arguments raising factual disputes are not properly before the Court under Rule 12(b)(6). *See AlterG, Inc. v. Boost Treadmills LLC*, No. 18-CV-07568-EMC, 2019 WL 4221599, at *5 (N.D. Cal. Sept. 5, 2019) (points regarding factual disputes "are inappropriate for resolution at the pleading stage, where the Court must accept [Plaintiff's] well-pleaded factual allegations as true.")

# II. STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint should not be dismissed unless "it appears beyond doubt that [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23

F.4th 1195, 1199 (9th Cir. 2022). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 886 (9th Cir. 2020).

## III. ARGUMENT

### A.    Plaintiff Has Sufficiently Pled a Claim for Trademark Infringement.

Plaintiff has alleged that Shot of Joy's use of "Feel Free" is confusingly similar to Plaintiff's FEEL FREE mark, as it relates to Shot of Joy's marketing and advertising for the sale of tonics containing kava and kratom, which violates 15 U.S.C. §1114. (*See* Compl. ¶¶ 18-23, 51-57.) Shot of Joy argues that Plaintiff has failed to state a claim for trademark infringement because Plaintiff has failed to plausibly allege a likelihood of confusion (*see* MTD at 4-5); however, arguments to dismiss for failure to establish a likelihood of confusion are premature at the motion to dismiss stage. *See e.g.*, *Dita, Inc. v. Mendez*, No. CV 10-6277 PSG (FMOx), 2010 WL 5140855, at *5 (C.D. Cal. Dec. 14 2010) (rejecting arguments about a complaint's purported failure to establish a likelihood of confusion as "premature on a motion to dismiss"); *Americas Outlaw Spirits Inc. v. Gunn*, 12-cv-04132-SJO-VBKx, 2012 WL 12886419, at *2 (C.D. Cal. Sept. 12, 2012) ("[T]he likelihood of confusion inquiry is a fact-intensive evaluation ill suited for disposition on a motion to dismiss."); *Glob. Apogee v. Sugarfina, Inc.*, No. CV 18-5162-RSWL-E, 2018 WL 4945305, at *3 (C.D. Cal. Oct. 10, 2018) (declining to conduct a likelihood of confusion analysis at the motion to dismiss stage).

While the Ninth Circuit does consider eight factors, often referred to as the "*Sleekcraft* factors," in evaluating likelihood of confusion, "[a] claim may only be dismissed for failure to allege a likelihood of confusion if the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely." *Empire TM Holdings, LLC v. Lohre*, No. 822CV00135, 2022 WL 18674587, at *9 (C.D. Cal. May 24, 2022) (quoting *Murray v. Cable Nat'l Broad Co.*, 86 F.3d 858, 860 (9th Cir. 1996) (internal quotes omitted)). Because the issue of

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Error! Unknown document property name.

1    likelihood of confusion is a mixed question of law and fact, but is predominantly

2    factual in nature, dismissal at the motion to dismiss stage, is "a rare situation." *Id.*

3    (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1355 (9th Cir. 1985) *and*

4    *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019)).

5        Here, Plaintiff has alleged (1) that Shot of Joy and Plaintiff sell competing

6    products (Compl. ¶20) as competitors in the same market (*id.* ¶¶ 19-20); (2) that

7    Plaintiff has extensively promoted and used the FEEL FREE mark resulting in

8    extremely valuable goodwill symbolized by the mark (*id.* ¶ 17); and (3) that Shot of

9    Joy seeks to capitalize on the goodwill held by Plaintiff's FEEL FREE mark by

10   imitating and copying Plaintiff's mark in Shot of Joy's marketing and advertising, all

11   of which thereby cause customer confusion. (*See id.* ¶¶ 21-23.) Plaintiff and Shot of

12   Joy use the same words in connection with the same types of products, which are

13   marketed to the same types of customers. Accordingly, Plaintiff has sufficiently

14   alleged a likelihood of confusion for purposes of satisfying Federal Rule of Civil

15   Procedure 8(a)(2).

16       Shot of Joy spends more than six pages of its Motion evaluating each of the

17   *Sleekcraft* factors under the guise that Plaintiff failed to plausibly allege each factor.

18   (*See* MTD at 5-11.) However, despite Shot of Joy's characterization of its arguments,

19   Shot of Joy is in fact requesting that the Court engage in a detailed legal and fact-

20   based analysis regarding the strength of the mark, when a request for such an analysis

21   is inappropriate at the pleading stage. *Solofill, LLC v. Rivera*, No. CV1702956, 2017

22   WL 5953105, at *2 (C.D. Cal. Oct. 16, 2017) ("Defendants invite the Court to engage

23   in a detailed legal analysis regarding the strength of the Plaintiff's mark, but the

24   pleading stage is not the appropriate time for such analysis."); *see Yaros v. Kimberly*

25   *Clark Corp.*, No. 17CV1159, 2018 WL 3729520, at *6 (S.D. Cal. Aug. 6, 2018) (court

26   does not weigh evidence concerning *Sleekcraft* factors on motion to dismiss) (internal

27   citation omitted).

28       Therefore, contrary to Shot of Joy's arguments otherwise, Plaintiff is not

3        Case No. 2:23-cv-10437 WLH (PDx)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

required to prove likelihood of confusion at the pleading stage. *See Glob. Apogee*, 2018 WL 4945305, at \*3; *and Visual Changes Skin Care Int'l, Inc. v. Neways*, *Inc*., No. CVF08-0959, 2008 WL 4723603, at \*4 (E.D. Cal. Oct. 24, 2008). To support of the notion that an analysis of the *Sleekcraft* factors at the motion to dismiss stage is premature, none of the cases cited by Shot of Joy in evaluating any of these factors occur at the motion to dismiss stage. (*See* MTD at 5-11 (citing *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137 (9th Cir. 2011) (injunctive relief); *Hansen Beverage Co. v. Cytosport, Inc.*, No. CV 09-0031-VBF(AGRX), 2009 WL 5104260 (C.D. Cal. Nov. 4, 2009) (injunctive relief); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir. 1992) (summary judgment); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036 (9th Cir. 1999) (injunctive relief); *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020 (9th Cir. 2004) (summary judgement); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) (injunctive relief following jury trial); *Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140 (2023) (summary judgement); *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022 (9th Cir. 2024) (summary judgment)).)

Further, Shot of Joy improperly avers that dicta from a recent Supreme Court trademark case is somehow instructive here. Shot of Joy cites to a footnote from *Jack Daniel's*, which is further referenced in *Punchbowl, Inc.¸* in an effort to support its unconvincing argument that a full likelihood of confusion analysis is proper at the pleading stage. (*See* MTD at 4 (citing *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1031 (9th Cir. 2024) *and Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140, 157, 143 S. Ct. 1578, 1589, 216 L. Ed. 2d 161 (2023)).) But *Jack Daniel's* does not establish new precedent related to the issues, and in any event, is consistent with all of the current Ninth Circuit precedent cited herein: namely that dismissal of a trademark claim at the pleading stage is only appropriate when its apparent that the goods are unrelated. *See Empire TM Holdings*, 2022 WL 18674587 at \*9. There can be no rational dispute at this phase that the competing kava and kratom tonics are

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Error! Unknown document property name.

1   unrelated. Thus, Shot of Joy cannot satisfy the heavy burden to show that Plaintiff has

2   failed to clearly allege likelihood of confusion for purposes of stating a claim for

3   relief. Accordingly, Plaintiff has sufficiently pled a claim for trademark infringement,

4   and Shot of Joy's Motion should be dismissed on this ground.

5          **B.     Plaintiff Has Standing to Bring a Claim for Copyright Infringement.**

6          Shot of Joy argues that Plaintiff lacks standing to pursue a copyright

7   infringement claim by contending that Plaintiff has suffered no injury in fact, Plaintiff

8   has failed to demonstrate that any injury can be redressed, and Plaintiff has failed to

9   allege "cognizable damages." (*See* MTD at 11-14.)  Shot of Joy has moved to dismiss

10  Plaintiff's claim for lack of standing under Article III where Article III merely

11  requires a threshold showing of "(1) an injury in fact that is (a) concrete and

12  particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a

13  favorable decision will redress the injury." *Wolfson v. Brammer*, 616 F.3d 1045, 1056

14  (9th Cir. 2010). Specifically, Shot of Joy has challenged the first and third prong, i.e.

15  injury in fact and redressability. (*See* MTD at 11.)

16         While Shot of Joy contends that Plaintiff lacks Article III standing due to a lack

17  of injury, Shot of Joy's basis for such a claim is premised on the argument that

18  Plaintiff did not legally own the right, title, or a legally cognizable interest in the video

19  at the time of the *inception* of the alleged infringement. Such an argument, however,

20  also implicates a lack of statutory standing. *See Robertson v. Burdon*, No.

21  EDCV1800397, 2019 WL 2141971, at *6 (C.D. Cal. Apr. 3, 2019). Accordingly,

22  Plaintiff will address both standing standards.

23         **1.     Plaintiff Has Alleged Injury Satisfying Article III and
                     Statutory Standing Requirements.**

24

25         First, under Article III, the Ninth Circuit has held that when evaluating injury in

26  fact "[a]t the pleading stage, general factual allegations of injury resulting from the

27  defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that

28  general allegations embrace those specific facts that are necessary to support the

                                              5       Case No. 2:23-cv-10437 WLH (PDx)

1   claim.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (internal cite

2   omitted). Plaintiff alleged that it has been and remains directly harmed by Shot of

3   Joy's deceptive ad, which infringes on Plaintiff's copyright, because Shot of Joy's

4   deceptive ad reproduces a copyrighted work owned by Plaintiff without permission.

5   (*See* Compl. ¶¶ 41-44.) Shot of Joy improperly trades on customer goodwill rightfully

6   earned by Plaintiff and deceptively lures customers to purchase Shot of Joy products

7   instead of purchasing Plaintiff's products, which has caused reputational damage and

8   loss of revenue and profits. (*See id.* ¶¶ 43-44, 50, 63.) These allegations of lost sales

9   and reputational harm plausibly plead injury in fact under Article III.

10          Second, Plaintiff also satisfies statutory standing under 17 U.S.C. § 501 because

11   Plaintiff is the owner of all rights, title, and interest in the copyrighted works through

12   a valid assignment. (*See id.* ¶ 60.) Shot of Joy claims that Plaintiff's Complaint

13   contains contradictions; however, no such contradictions exist, and the Complaint is

14   clear.

15          For example, the Complaint alleges that a video review of Plaintiff's Feel Free

16   tonic was published to YouTube on March 31, 2022 (the "Copyrighted Work"). (*See*

17   *id.* ¶35.) Since at least May 1, 2023, Shot of Joy has advertised its product on

18   Facebook by editing video reviews of Plaintiff's products and superimposing Shot of

19   Joy's products into these product reviews about Plaintiff's products in an effort to

20   trick viewers into thinking the positive review of Feel Free tonic are instead reviewing

21   Shot of Joy's tonic. (*See id.* ¶¶ 36, 38-41.) Indeed, one of these YouTube reviewers—

22   after creating reviews about Plaintiff's FEEL FREE product— timely assigned his

23   rights in the Copyrighted Work to Plaintiff on September 26, 2023 (*id.* ¶ 60), after

24   which Plaintiff registered the copyright on October 9, 2023. (*See id.*, Exhibit A.) Thus,

25   Plaintiff's Complaint is clear about all relevant dates.

26          Shot of Joy further argues that Plaintiff cannot assert a claim for copyright

27   infringement that occurred prior to Nicholas Urban's assignment to Plaintiff; however,

28   Shot of Joy is incorrect. Under 17 U.S.C. § 501 "any party who owns any of the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Error! Unknown document property name.**

'exclusive rights' under Section 106 of the Copyright Act, or to whom such rights have been transferred, has standing to bring an infringement action based on such rights." *Robertson*, 2019 WL 2141971 at *6 (citing *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015)). These rights include standing to sue for accrued copyright infringement, i.e. infringement that occurred prior to the copyright assignment. *See Swift Harvest USA, LLC v. Boley Int'l HK Ltd*, No. EDCV19170, 2020 WL 7380148, at *9 (C.D. Cal. Sept. 22, 2020); *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. C-13-03627 JSC, 2014 WL 280391, at *2–3 (N.D. Cal. Jan. 24, 2014). And to the extent that Shot of Joy's argument could be given any credence (it cannot), Plaintiff could—with the Court's relief—resolve any such issue by amending the Complaint.

Shot of Joy cannot refute that Plaintiff has alleged that it is the legal beneficial owner of the exclusive rights to the Copyrighted Work (Compl. ¶ 60) at least as of the time of the assignment. And, there is no basis to exclude the preceding period of time, which includes accrued claims for infringement, from this action. Accordingly, Shot of Joy has sufficiently alleged statutory standing under the Copyright Act.

## 2. Plaintiff Has Alleged Redressability and Damages Satisfying Article III Standing.

To demonstrate redressability, the third prong of Article III standing, Plaintiffs must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *SurvJustice Inc. v. DeVos*, No. 18-CV-00535-JSC, 2019 WL 1434141, at *5 (N.D. Cal. Mar. 29, 2019) (citing *Lujan*, 504 U.S. at 561). Here, Plaintiff seeks damages for the harm caused by Shot of Joy's infringing activities and seeks injunctive relief to preclude future harm. (*See* Compl. ¶¶ 65-66.) Both damages and injunctive relief directly redress the harms caused by Shot of Joy's infringing conduct because such relief will compensate Plaintiff for damages incurred, and prevent Shot of Joy from future infringing activity.

///

7     Case No. 2:23-cv-10437 WLH (PDx)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

For similar reasons, Plaintiff has also clearly alleged damages resulting from Shot of Joy's copyright infringement. Shot of Joy infringed Plaintiff's copyright in an advertisement marketing Shot of Joy's products in order to mislead consumers into purchasing Shot of Joy products at the expense of customers purchasing Plaintiff's products. (*Id.*) Additionally, Plaintiff has alleged reputational harm caused by Shot of Joy's infringement. (*Id.* at ¶¶ 43-44.) For these reasons, Shot of Joy's arguments are unavailing.

Thus, Plaintiff has standing under Article III and the Copyright Act. Plaintiff requests that the Court dismiss Shot of Joy's Motion on these grounds.

### C.  Plaintiff Has Standing to, and Has Sufficiently Pled a Claim for, Federal Unfair Competition.

Plaintiff has alleged that Shot of Joy violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) via its infringing activities and Defendant's false advertising. (*See* Compl. ¶¶ 67-74.) Shot of Joy argued that Plaintiff lacks statutory standing to assert its claim under the Lanham Act because Plaintiff has purportedly not alleged injuries flowing directly from the alleged conduct and failed to allege a likelihood of confusion. (*See* MTD at 15.) Both of Shot of Joy's arguments are incorrect.

As an initial matter, Plaintiff stands on its assertions that it has adequately pled its claims arising under both the Lanham Act and associated likelihood of confusion. (*See supra* at 2-4.) These arguments alone should foreclose this issue.

But to the extent that Shot of Joy's challenge to the standing of the federal unfair competition claims warrant any further consider, according to the Supreme Court, "[t]he test for determining whether a plaintiff has statutory standing under the Lanham Act requires a determination of whether a plaintiff's interests "fall within the zone of interests protected by the law invoke" and if the injuries suffered were "proximately caused by violations of the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129, 129, 132 (2014). Further, "to come within the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Error! Unknown document property name.

1  zone of interests in a § 1125(a) false-advertising suit, a plaintiff must allege an injury
2  to a commercial interest in reputation or sales." *Lexmark*, 572 U.S. at 131-132.

3        Plaintiff has alleged that its business, reputation, goodwill, and sales were, and
4  continue to be, harmed when consumers are misled to purchase Shot of Joy through
5  trademark and copyright infringement and false advertising, rather than purchase
6  Plaintiff's own product, Feel Free. (*See e.g.*, Compl. at ¶¶ 44, 48, 50, 70, 73.) These
7  are the exact type of commercial interests the Lanham Act seeks to protect. *See*
8  *Lexmark*, 527 U.S. at 131-132. Accordingly, Plaintiff has clearly alleged that Shot of
9  Joy's conduct violates the Lanham Act and proximately harms Plaintiff.

10        Because Plaintiff's unfair competition claim is sufficiently pled, Shot of Joy's
11  arguments refuting Plaintiff's unfair competition claims under Sections 17500 and
12  17200 should summarily be dismissed as moot. Plaintiff requests that the Court
13  dismiss Shot of Joy's motion to dismiss for lack of standing under the Lanham Act
14  and congruence grounds.

15        **D.**    **Plaintiff's Claims are Not Preempted by the Copyright Act.**

16        Shot of Joy argues that Plaintiff's Section 17500 and Section 17200 claims are
17  preempted by the Copyright Act. (*See* MTD 17-18.) Shot of Joy's arguments,
18  however, are unavailing. The Copyright Act preempts a state law cause of action
19  under only two circumstances: "[f]irst, the rights that a plaintiff asserts under state law
20  must be 'rights that are equivalent' to those protected by the Copyright Act . . . [and]
21  [s]econd, the work involved must fall within the 'subject matter' of the Copyright Act
22  as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc.*, 152 F.3d
23  1209, 1212 (9th Cir. 1998). In *Kodadek*, the unfair business practice claim was
24  premised on, and effectively interchangeable with, the copyright infringement claim.
25  *See Wimer v. Reach Out Worldwide, Inc.*, No. CV 17-1917-RSWL-ASX, 2017 WL
26  5635461, at *5 (C.D. Cal. July 13, 2017). Accordingly, Plaintiff's unfair competition
27  and false advertising claims are clearly distinguishable from *Kodadek*.
28  ///

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
**Error! Unknown document property name.**

Here, Plaintiff's California unfair competition and false advertising claims are not interchangeable with the unauthorized publishing and sale of products bearing a copyrighted image or video. Specifically, Plaintiff's claims are not based on the mere copying of a copyrighted video; rather, Plaintiff claims that Shot of Joy has used copyrighted video without permission to deceive consumers about Shot of Joy's products. *See CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999, 2009 WL 2031721, at *10 (E.D. Cal. July 8, 2009) (finding Section 17500 and 17200 claims were not preempted by the Copyright Act because plaintiff's claims are based on deception of consumers, not the mere copying of copyrighted material); *Wimer*, 2017 WL 5635461 at *5 (finding a Section 17200 claim was not preempted where the claim "does not clearly rest on the rights the Copyright Act guarantees"). Because Plaintiff's unfair competition and false advertising claims are not interchangeable with Plaintiff's copyright infringement claim, Plaintiff's state law claims are not preempted by the Copyright Act.

Accordingly, Plaintiff requests that the Court deny Shot of Joy's Motion on this ground.

### E. Plaintiff Has Standing Under Cal. Bus. & Prof. Code §§ 17200 and 17500.

Shot of Joy argues that Plaintiff lacks standing to assert claims under Sections 17500 and 17200 because Plaintiff's Complaint does not meet the requirements of a class action; however, Shot of Joy misconstrues Plaintiff's causes of action. Plaintiff's Complaint alleges private actions under Sections 17500 and 17200, not representative actions. Under Section 17204, any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" can bring a cause of action to enforce the unfair competition laws of California. *See* Cal. Bus. & Prof. Code § 17204. Section 17203, which is cited by Shot of Joy, however, imposes requirements on *representative* actions, not private or individual actions. *See California Med. Assn. v. Aetna Health of California Inc.*, 14 Cal. 5th 1075, 1092 (2023) (discussing the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Error! Unknown document property name.**

difference between individual actions and representative actions and §§ 17204 and 17203). Thus, Plaintiff is not required to, nor has Plaintiff attempted to, meet the requirements of a class action. Plaintiff requests that the Court dismiss Shot of Joy's Motion on this ground.

## IV.  CONCLUSION

Based on the facts and arguments outlined above, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss under Rule (12)(b)(6).


Dated:  March 8. 2024             **WILSON TURNER KOSMO LLP**


                                   By:    /s/*Frederick W. Kosmo, Jr.*
                                          FREDERICK W. KOSMO, JR.
                                          HUBERT KIM

                                   **GORDEE, NOWICKI & BLAKENLY LLP**
                                          KEVIN R. NOWICKI

                                   **ARNALL GOLDEN GREGORY LLP**
                                          KEVIN M. BELL (admitted *pro hac vice*)
                                          MATTHEW D. ZAPADKA (admitted *pro hac vice*)
                                          JUSTIN F. FERRARO (admitted *pro hac vice*)

                                          Attorneys for Plaintiff
                                          BOTANIC TONICS, LLC

**Error! Unknown document property name.**