1  ARNALL GOLDEN GREGORY LLP
   Matthew D. Zapadka (VA Bar No. 88140) (*Admitted pro hac vice*)
2  Kevin M. Bell (MD Bar No. 14832) (*Admitted pro hac vice*)
   Justin F. Ferraro (VA Bar No. 92226) (*Admitted pro hac vice*)
3  2100 Pennsylvania Avenue, NW, Suite 350S
   Washington, DC  20037
4  Telephone: 202.677.4906
   Facsimile: 202.677.4031
5  E-mail:  Kevin.Bell@AGG.com
   E-mail:  Matthew.Zapadka@AGG.com
6  E-mail:  Justin.Ferraro@AGG.com

7  Attorneys for Plaintiff Botanic Tonics, LLC

8  LINCOLN GUSTAFSON & CERCOS LLP
   Randall D. Gustafson (CA Bar No. 115724)
9  Amanda M. Bremseth (CA Bar No. 303156)
   101 W. Broadway, Suite 1600
10 San Diego, CA 92101
11 Telephone: 619.233.1150
   Facsimile: 619.233.6949
12 E-mail: Rgustafson@lgclawoffice.com
13 E-mail: Abremseth@lgclawoffice.com

14 Attorneys for Defendant Shot of Joy LLC

15 *Additional Counsel Listed on Following Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BOTANIC TONICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHOT OF JOY LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:23-cv-10437 WLH (PDx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conf.:  April 12, 2024<br>Time:  1:00 p.m.<br>Courtroom:   9B<br><br>Action Filed: December 13, 2023<br>Motion to Dismiss Filed: February 12, 2024<br>Trial (Proposed):<br><br>District Judge Hon. Wesley L. Hsu<br><br>Magistrate Judge Hon. Patricia Donahue |

WILSON TURNER KOSMO LLP
Frederick W. Kosmo, Jr. (SBN 138036)
Hubert Kim (SBN 204957)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com

GORDEE, NOWICKI & BLAKENLY LLP
Kevin R. Nowicki (SBN 128686)
100 Spectrum Center Drive, Suite 870
Irvine, California  92618
Telephone: (949) 567-9923
Facsimile: (949) 567-9928
E-mail: knowicki@gna-law.com

Attorneys for Plaintiff Botanic Tonics, LLC

Case No. 2:23-cv-10437 WLH (PDx)
JOINT RULE 26(f) REPORT

1. **Statement of the Case**

*Plaintiff's Position*: On December 13, 2023, Plaintiff Botanic Tonics, LLC (hereinafter "Plaintiff" or "Botanic Tonics"), filed this action. The Complaint includes five claims: (1) federal trademark infringement; (2) federal copyright infringement; (3) violations of the Lanham Act for federal unfair competition; (4) violations of California false advertising law; and (5) violation of California unfair competition law. (*See generally*, Complaint.)

Botanic Tonics manufactures, sells, and distributes wellness tonics and capsules under the brand Feel Free, which contain a proprietary formula of kratom leaf and kava root derived from natural plants found in the South Pacific and Southeast Asia. Botanic Tonics owns several federal trademarks, and Botanic Tonics has alleged that Defendant Shot of Joy LLC ("Defendant" or "Shot of Joy") has infringed on Botanic Tonics's FEEL FREE mark. Further, Botanic Tonics also owns all right, title, and interest, through a valid assignment, to an internet video published on YouTube on March 31, 2022 (the "Copyrighted Work"), which consists of a product review of Botanic Tonics's product. Botanic Tonics has alleged that Shot of Joy has deceptively edited the Copyrighted Work, in addition to other videos published on YouTube reviewing Botanic Tonics's product, and used the deceptively edited videos in an advertisement published by Shot of Joy on Facebook in order to mislead consumers into purchasing Shot of Joy products instead of purchasing Botanic Tonics's products. Botanic Tonics has also alleged that Shot of Joy's publication of the deceptively edited advertisement, in addition to violating state and federal unfair competition and false advertising laws, also violates Botanic Tonics's valid copyright in the Copyrighted Work.

Accordingly, Botanic Tonics seeks injunctive relief, restitution, actual damages, including treble damages where applicable under the law, punitive damages, costs, and attorney's fees to the extent allowable under the law.

*Defendant's Position*: Defendant disputes Plaintiff's allegations, and asserts

Plaintiff lacks standing as there is no causal connection between the injury alleged and any conduct of Defendant, and Plaintiff has failed to allege any economic or reputational injury flowing directly from the alleged deception and/or conduct of Defendant. Defendant contends Plaintiff's allegations fail to allege a likelihood of confusion between Plaintiff and Defendant's products sufficient to support the allegations, or any cognizable damages, or injury in fact as Plaintiff has not alleged a single instance of infringement on or after October 9, 2023 when Plaintiff allegedly registered its copyright, nor has Plaintiff alleged any facts to indicate that the alleged infringement occurred while Plaintiff held the assignment for the copyright – i.e., from September 26, 2023 onward. Defendant likewise contends that Plaintiff lacks standing to assert the claims alleged because no assignment of the right to sue and/or cause of action has occurred. Defendant asks the Court to award Plaintiff nothing, deny Plaintiff's claim for injunctive relief, and award Defendant its costs of suit.

### 2. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 501, *et seq.*, the provisions of the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Botanic Tonics's related state law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

### 3. Legal Issues

*Plaintiff's Position*: The legal issues include whether Defendant's conduct, specifically, using the term "Feel Free" in marketing and on its website, publishing a deceptively edited video that copied, without permission, a video owned by Plaintiff to mislead consumers into purchasing Defendant's products, violated the (1) the Copyright Act, 17 U.S.C. § 501, *et seq.*, (2) provisions of the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, (3) California unfair competition law, Cal. Bus. & Prof. Code § 17200, et seq.; and (4) California false advertising law, Cal. Bus. & Prof. Code § 17500, *et seq.*

*Defendant's Position*: The legal issues include whether Plaintiff has standing to bring the claims alleged under 17. U.S.C. § 106, 15 U.S.C. §1125(a), UCL §17200, *et seq.*, UCL §17500, *et seq.*, and the Lanham Act, and whether Plaintiff has sufficiently alleged an injury in fact.

**4.     Parties, Evidence, etc.**

*Plaintiff's Position*:

*Parties*: Plaintiff Botanic Tonics, LLC, a Delaware limited liability company, has a pecuniary interest in the outcome of this case because it is the Plaintiff who brought this action. There are a large number of individuals/entities with membership interests of varying amounts in Plaintiff Botanic Tonics, LLC. However, Hydra623 Holdings, LLC, a Delaware limited liability company, and Anthos Capital V, L.P., a Delaware limited partnership are the only two individuals/entities that own more than 10% of Plaintiff Botanic Tonics, LLC's membership interests.

*Plaintiff's Evidence*: Plaintiff anticipates introducing all admissible evidence, including, but not limited to, evidence related to: Defendant's sales and marketing using the allegedly infringing advertisements and website statements; the infringing Facebook advertisement published by Defendant; Defendant's knowledge or lack of knowledge of Plaintiff's marks; any evidence of consumer confusion; any evidence of a likelihood of confusion and/or deception; any evidence of unfair competition, a deceptive act or unfair practice; the strength of Plaintiff's marks; the use of Plaintiff's marks in connection with identified goods; third party use of the descriptive terms at issue; Plaintiff's alleged injury to its goodwill and reputation; any alleged injury to the public; Plaintiff's alleged damages' all other issues raised by the pleadings; and any expert disclosures, including survey evidence.

*Plaintiff's Witnesses*:

    a. JW Ross, Founder and Managing Member, Botanic Tonics

    b. John Pace, Chief Marketing Officer, Botanic Tonics

    c. James B. Carty, on information and belief, Owner, Shot of Joy

1                   LLC;

2          d. Antonio Camarena, on information and belief, Owner, Shot of Joy,

3                   LLC;

4          e. Shot of Joy LLC Rule 30(b)(6) witness;

5          f. Plaintiff's expert witness, to be designated; and

6          g. Any other relevant witnesses determined pursuant to forthcoming

7                   discovery.

8         *Defendant's Position*:

9         Defendant anticipates introducing all admissible evidence, including, but not

10 limited to, evidence related to: Plaintiff's sales and marketing under the brand Feel

11 Free; Plaintiff's federal trademark registrations; assignment of the subject video by

12 Nicholas James Urban to Plaintiff; Defendant's knowledge or lack of knowledge of

13 Plaintiff's marks; the strength of Plaintiff's marks; the use of Plaintiff's marks in

14 connection with identified goods; third party use of the descriptive terms at issue; all

15 other issues raised by the pleadings; and any expert disclosures, including survey

16 evidence. Defendant Shot of Joy, LLC is wholly owned by James B. Carty.

17         *Defendant's Witnesses*: [Left Blank for Defendant]

18          a. JW Ross, upon information and belief, Founder and Managing

19                   Member, Botanic Tonics

20          b. John Pace, upon information and belief, Chief Marketing Officer,

21                   Botanic Tonics

22          c. James B. Carty, Owner, Shot of Joy LLC;

23          d. Nicholas James Urban

24          e. Defendant's expert witness, to be designated; and

25          f. Any other relevant witnesses determined pursuant to forthcoming

26                   discovery.

27 ///

28 ///

### 5. Damages

*Plaintiff's Position*: Plaintiff seeks injunctive relief, restitution, actual damages, including treble damages where applicable under the law, punitive damages, costs and attorney's fees to the extent allowable under the law. Plaintiff requires the benefit of discovery in order to provide an estimation of damages, however, Plaintiff anticipates damages will, at a minimum, exceed $375,000.

### 6. Insurance

*Plaintiff's Position*: Plaintiff is not currently aware whether any insurance coverage exists or, if coverage exists, the extent of such coverage.

*Defendant's Position*: Defendant has primary general liability insurance applicable to at least some of the claims brought by Plaintiff in this Action, and is currently being defended by Global Indemnity Group, subject to a Reservation of Rights.

### 7. Motions

#### a. Procedural Motions

*Plaintiff's Position*: Plaintiff reserves the right to move the Court to file an amended pleading under Rule 15, to include additional causes of action discovered during the pendency of this action. Plaintiff anticipates that both discovery and dispositive motions will likely be required, including, motions for summary judgment to the extent there are undisputed facts establishing Plaintiff's causes of action and motions challenging expert testimony. Plaintiff also reserves the right to file a Motion for Judgment on the Pleadings, and/or to supplement this section as needed.

*Defendant's Position*: Defendant reserves the right to file both discovery and/or dispositive motions challenging the claims alleged.

#### b. Dispostive Motions

*Plaintiff's Position*: Plaintiff contends that no matters are appropriate for dismissal under motion to dismiss as set forth in its opposition (D.E. 39) to Defendant's pending motion to dismiss (D.E. 34). At this time, Plaintiff believes that

its claims may be ripe for summary judgment in Plaintiff's favor, pending discovery and the resolution of any issues of fact that may exist in this matter. To the extent that discovery demonstrates that no genuine issues of material of fact are present, Plaintiff anticipates seeking summary judgment in its favor for any of its claims as set forth in Section 1, *supra*.

*Defendant's Position*: Defendant may file a motion to dismiss, pending the filing of any amended complaint by Plaintiff. Defendant may also file a motion for summary judgment/summary adjudication.

### 8. Manual for Complex Litigation

The Parties agree that this case is not complex, and no part of the Manual for Complex Litigation should be utilized.

### 9. Discovery

#### a. Status of Discovery

The Parties have not yet propounded discovery in this matter. Rule 26(a) initial disclosures will be made on or before April 9, 2024.

#### b. Discovery Plan

The Parties do not believe discovery should be conducted in phases. No changes to the applicable limitations on discovery are proposed by the Parties. The Parties will meet and confer regarding the applicability of a stipulated protective order, which the parties will submit to Judge Donahue. Parties are in the process of meeting and conferring on a proposed stipulated order regarding ESI protocol, which the parties will also submit to Judge Donahue. No other discovery orders are proposed by the Parties.

#### c. Discovery Cut-Off

The Parties propose an August 9, 2024 fact-discovery cut-off, including resolution of all discovery motions.

///

///

     **d.**    **Expert Discovery**

The Parties propose a September 27, 2024 expert-discovery cut-off. As set forth in the Schedule of Pretrial and Trial Dates Worksheet submitted herewith as **Exhibit A**, the Parties propose August 23, 2024 as the due date for initial expert disclosures and September 19, 2024 as the date by which the Parties are to serve their rebuttal expert disclosures.

**10.**    **Settlement Conference/Alternative Dispute Resolution ("ADR")**

To date, the Parties have not yet engaged in any settlement negotiations. The Parties consent to ADR Procedure No. 3 (as set forth in Local Rule 16-15.4) to be conducted by private mediation.

**11.**    **Trial**

     **a.**    **Trial Estimate**

*Plaintiff's Position*: Plaintiff estimates a three to four day jury trial. Plaintiff anticipates calling three to five witnesses. However, Plaintiff reserves the right to amend the number of witnesses, depending on information learned in discovery.

*Defendant's Position*: Defendant estimates a four to five day jury trial. Defendant anticipates calling five witnesses, however Defendant reserves the right to amend the number of witnesses, depending on information learned in discovery.

     **b.**    **Jury or Court Trial**

The Parties hereby requests a jury trial.

     **c.**    **Consent to Trial Before a Magistrate Judge**

     **d.**    The parties do not consent to trial before a magistrate judge and request a district court judge preside over the trial. **Lead Trial Counsel**

Matthew D. Zapadka, Kevin M. Bell, Justin F. Ferraro, Frederick W. Kosmo Jr., and Hubert Kim will be trial counsel for Plaintiff, with Mr. Zapadka designated as lead trial counsel. Amanda Bremseth and Randall Gustafson will be trial counsel for Defendant.

**12.     Independent Expert or Master**

This is not a case in which a special master or independent scientific expert should be appointed.

**13.     Other Issues**

The Parties have met and conferred and completed the Schedule of Pretrial and Trial Dates Worksheet submitted herewith as **Exhibit A,** in accordance with the timeframes set forth in the Worksheet. Based on the timeframes set forth in the Worksheet, the Parties selected April 7, 2025 as a proposed trial date (a trial date within 12 months of the Scheduling Conference), and March 20, 2024 as the proposed Final Pretrial Conference (18 days prior to the proposed trial date).

However, counsel for Defendant will be in a month-long arbitration from March 3 to March 28, 2025, including on the date of the proposed Final Pretrial Conference of March 20, 2024.  As a result, and provided that the Court grants the Parties leave to use a trial date outside of the 12-month time frame from the Court's Scheduling Conference, the Parties have agreed to stipulate to a trial date of April 28, 2025 and April 8, 2025 for the Final Pretrial Conference in order to accommodate Defense counsel's schedule.

Other than the above, the Parties are not presently aware of any issues that would affect case management.

///
///
///
///
///
///
///
///
///

1  The Parties respectfully request that the Court adopt this proposed discovery
2  plan and excuse the parties from attending the April 12, 2024 pre-trial conference.

4  Dated: March 29, 2024         **ARNALL GOLDEN GREGORY LLP**

6  By: /s/ *Matthew D. Zapadka*
      MATTHEW D. ZAPADKA (*pro hac vice*)
7     KEVIN M. BELL (*pro hac vice*)
      JUSTIN F. FERRARO (*pro hac vice*)

8  **WILSON TURNER KOSMO LLP**

10 By: /s/ *Frederick W. Kosmo, Jr.*
      FREDERICK W. KOSMO, JR.
      HUBERT KIM

12 **GORDEE, NOWICKI & BLAKENLY LLP**
      KEVIN R. NOWICKI

13    Attorneys for Plaintiff
14    BOTANIC TONICS, LLC

16 **LINCOLN. GUSTAFSON & CERCOS LLP**

17 By: /s/ *Amanda M. Bremseth*
      RANDALL D. GUSTAFSON
18    AMANDA M. BREMSETH
      Attorneys for Defendant
19    SHOT OF JOY LLC

20            **SIGNATURE ATTESTATION**

22 I, Frederick W. Kosmo, Jr., am the ECF user whose ID and password are being used. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the content of this document is acceptable to Matthew D. Zapadka counsel for Plaintiff Bontanic Tonics, LLC and Amanda Bremseth counsel for Defendant, Shot of Joy LLC, and that I have obtained authorization to affix their electronic signature to, and file, this document.

27       /s/ *Frederick W. Kosmo, Jr.*
         FREDERICK W. KOSMO, JR.