1
2
3
4
5
6
7

8         UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10

11   BOTANIC TONICS, LLC, a Deleware       Case No. 2:23-cv-10437-WLH-PD
     corporation,
                                           **ORDER GRANTING IN PART AND**
12                                         **DENYING IN PART DEFENDANT'S**
              Plaintiff,                    **MOTION TO DISMISS [34]**
13
     v.
14
     SHOT OF JOY, LLC, a California
15   limited liability company,

16            Defendant.

17

18        This matter comes before the Court on Defendant Shot of Joy LLC's (the

19   "Defendant") Motion to Dismiss (the "Motion") filed February 12, 2024.  (Mot. to

20   Dismiss, Docket No. 34).  Plaintiff Botanic Tonics, LLC (the "Plaintiff") filed its

21   Opposition to Defendant's Motion to Dismiss (the "Opposition") on March 8, 2024.

22   (Docket No. 39).  Defendant filed its Reply in Support of its Motion to Dismiss (the

23   "Reply") on March 15, 2024.  (Docket No. 34).  This matter is fully briefed.

24        On March 28, 2024, the Court issued a tentative order in this matter.  On March

25   29, 2024, the parties submitted to the Court's tentative order, which the Court now

26   adopts as its final Order.

27        For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in

28   part Defendant's Motion without prejudice.  Plaintiff shall file an amended Complaint

within 21 days of the date of this Order.

I.      **BACKGROUND**

    **A. <u>Factual Background</u>**

Plaintiff is a manufacturer, seller, and distributor of wellness tonics and capsules sold and marketed under the brand Feel Free.  (Docket No. 1 ¶ 8).  Plaintiff's products, which are marketed as "safe alternatives to alcohol, energy drinks, and synthetic focus enhancers," contain a proprietary formula of kratom leaf and kava root.  (*Id.*).  Likewise, Defendant also manufactures and distributes wellness tonics and supplements under the name Shot of Joy, which also contain a formula of kratom leaf and kava root.  (*Id.* ¶ 18).

    i.   *Trademark Infringement*

Plaintiff owns the following federal trademark registrations for the "FEEL FREE" trademark ("FEEL FREE Mark"):

| Serial Number | U.S. Registration Number | Work Mark | Registration Date |
|---|---|---|---|
| 97292962 | 7018376 | FEEL FREE | April 4, 2023 |
| 90235719 | 6396112 | FEEL FREE | June 22, 2021 |

(*Id.* ¶ 9).

Since 2020, Plaintiff has invested in growing the Feel Free brand through marketing and promoting efforts including paid advertisement on websites, social media, and partnerships with influencers and brand ambassadors.  (*Id.* ¶ 10).  Plaintiff alleges that as a result of its efforts, it has become a "well-known and famous brand in its market category" and has "inextricably linked" its FEEL FREE Mark to the category of wellness products, such as wellness drinks.  (*Id.* ¶ 12).  As such, Plaintiff alleges that the FEEL FREE Mark has become a symbol of "extremely valuable goodwill."  (*Id.* ¶ 17).  An example of Plaintiff's use of its FEEL FREE Mark is provided below:



(*Id.* ¶ 14).

Plaintiff alleges that Defendant has infringed on Plaintiff's FEEL FREE Mark by using the term "Feel Free" in Defendant's marketing materials in an effort to "trade off the goodwill and trademarks" of Plaintiff. (*Id.* ¶ 18). Two examples of Defendant's marketing materials are provided below:



(*Id.*).



(*Id.* ¶ 21).

As competitors in the wellness product market, Plaintiff alleges that Defendant markets and sells to the customers in the same channels of trade. (*Id.* ¶¶ 19–20). As such, Plaintiff alleges that the likelihood of consumer confusion is high and is "causing irreparable harm to the goodwill symbolized by the FEEL FREE Mark and its reputation to consumers." (*Id.* ¶ 29).

### ii. *Copyright Infringement and False Advertisement*

Furthermore, Plaintiff alleges that Defendant infringed on its copyright and created false advertisements by creating false advertisements using Plaintiff's consumer-created product reviews. For example, Plaintiff alleges that since at least May 1, 2023, Defendant created and posted false advertisements on Facebook using Plaintiff's consumer-review videos with Defendant's product superimposed over the video in a manner to confuse and mislead consumers into falsely thinking that the consumer-review was meant for Defendant's product. (*Id.* ¶¶ 34–41). Plaintiff alleges that these misleading and deceptive advertisements "misrepresent the characteristics and qualities of [Defendant's tonic], which deceptively lures consumers to purchase [Defendant's] products instead of purchasing [Plaintiff's products]." (*Id.* ¶ 44). A side-by-side comparison of the original video and allegedly deceptive advertisement are provided below:

///



(*Id.* ¶ 41).

Notably, the original video was posted to YouTube on March 31, 2022, and originally contained a consumer-review of Plaintiff's product.[1]  (*Id.* ¶ 34). Defendant's advertisement edited the video to superimpose images of Defendant's product.  (*Id.* ¶¶ 39–40).  The same advertisement also allegedly contained several other consumer product reviews for Plaintiff's products, which were similarly edited to deceptively contain images of Defendant's product superimposed over the product reviews.  (*Id.* ¶ 42).

### B. <u>Procedural History</u>

On December 13, 2023, Plaintiffs filed a complaint alleging the following five causes of action: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) federal copyright infringement under 17 U.S.C. § 106; (3) federal unfair competition under 15 U.S.C. § 1125(a); (4) unfair competition under Cal. Bus. & Prof. Code ("UCL") § 17200, *et seq.*; and (5) false advertising under UCL § 17500, *et seq*.  (*See generally id.*).

On February 12, 2024, Defendant filed the instant Motion.  (Docket No. 34). Defendant's Motion seeks to dismiss Plaintiff's Complaint in its entirety on the grounds that that Plaintiff lacks Article III standing, and Plaintiff has failed to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  (*See generally id.*).  On March 8, 2024, Plaintiff filed its Opposition. (Docket No. 39).  On March 15, 2024, Defendant filed its Reply.  (Docket No. 43).

## II.   LEGAL STANDARD

Under Fed. R. of Civ. P. 12(b)(6), a party may move to dismiss a cause of action for failure to state a claim upon which relief can be granted.  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Id.*;

---

[1] Plaintiff acquired the rights to this video by assignment on September 26, 2023, after the alleged infringement and registered it with the United States Copyright Office with an effective date of registration of October 9, 2023.  (*Id.* ¶ 60, Exh. A).

1   *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.

2   2008).  Pursuant to Fed. R. Civ. P. 8(a), a "pleading that states a claim for relief must

3   contain… a short and plain statement of the claim showing that the pleader is entitled

4   to relief."  The complaint must state facts sufficient to show that a claim for relief is

5   plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

6   complaint need not include detailed factual allegations but must provide more than

7   just a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

8        "To survive a motion to dismiss, a complaint must contain sufficient factual

9   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

10  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The

11  court must construe the complaint in the light most favorable to the plaintiff, accept all

12  allegations of material fact as true, and draw all reasonable inferences from well-

13  pleaded factual allegations.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir.

14  2002).  The court is not required to accept as true legal conclusions couched as factual

15  allegations.  *See Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the

16  plaintiff pleads factual content that allows the court to draw the reasonable inference

17  that the defendant is liable for the misconduct alleged."  *Id.*

18       Pursuant to Fed. R. Civ. P. 15(a)(2), courts granting dismissal should freely

19  give leave to amend "when justice so requires."  Courts apply this policy with

20  "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079

21  (9th Cir. 1990); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding

22  that dismissal with leave to amend should be granted even if no request to amend was

23  made).  Courts consider four factors in determining whether to grant leave to amend:

24  (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the

25  opposing party. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing

26  *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

27  ///

28  ///

1    **III.    MOTION TO DISMISS**

2         **A. <u>Standing</u>**

3         Defendant alleges that Plaintiff has failed to sufficiently allege an injury in fact

4    as to Plaintiff's second cause of action for federal copyright infringement under 17

5    U.S.C. § 106, third cause of action for federal unfair competition under 15 U.S.C. §

6    1125(a), fourth cause of action for unfair competition under UCL § 17200, *et seq.*, and

7    fifth causes of action for false advertising under UCL § 17500, *et seq*. Because

8    standing is a threshold issue, the Court will address Defendant's jurisdictional

9    challenges first.  *See, e.g., Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 578

10   (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over

11   the subject matter[.]").

12                      i.  *Copyright Infringement Claim (Cause of Action II)*

13        Defendant contends that Plaintiff lacks standing to allege copyright

14   infringement claims because Plaintiff was not the owner of the copyrighted work at

15   the time of the alleged copyright infringement.  (Docket No. 34 at 13).  Defendant

16   further contends that Plaintiff has failed to plead any cognizable damages for actual

17   damages and is prohibited from seeking statutory damages because Plaintiff did not

18   allege any infringement within three months after publication of the video.  (*Id.* 13–

19   14).

20        "Only the copyright owner, or the owner of exclusive rights under the

21   copyright, as of the time the acts of infringement occur, has standing to bring an

22   action for infringement of such rights."  *Oskar Sys., LLC v. Club Speed, Inc*., 745 F.

23   Supp. 2d 1155, 1159–60 (C.D. Cal. 2010) (finding that copyright holder of source

24   code for computer program lacked standing to bring copyright infringement claim

25   because the alleged infringement occurred before assignment of copyright) (quoting

26   3–12 Nimmer on Copyright § 12.02 [B]).  "A grant of copyright, even if it purports to

27   convey 'all right, title and interest,' is generally construed not to assign existing

28   causes of action unless such causes of action are expressly included in the grant."  *Id.*

1   (quoting *Lanard Toys Ltd. v. Novelty Inc*., 511 F.Supp.2d 1020, 1033 (C.D.Cal.2007)

2   (Snyder, J.) (finding that plaintiff could not sue for infringement that occurred prior to

3   assignment of assets from predecessor company where the assignment "did not

4   expressly convey [the predecessor company's] existing claims for infringement"); *see*

5   *also* Nimmer on Copyright § 12.02[B] ("An infringer can extinguish its liability by

6   obtaining a retroactive grant from one of the copyright owners.  Absent that unusual

7   circumstance, only the grantor, not the grantee, has standing to sue for pre-grant

8   infringement, even if the action is filed after the grant has been executed.  This

9   conclusion follows from the fact that a grant of copyright—even if it purports to

10   convey 'all right, title and interest'—is generally construed not to assign existing

11   causes of action, unless expressly included.").

12          Here, the copyrighted video is purported to have been first posted on YouTube

13   on March 31, 2022, and the alleged copyright infringement began on May 1, 2023.

14   (Docket No. 1 ¶¶ 35, 38).  Plaintiff, however, did not obtain the assignment of

15   copyright for the video until September 26, 2023—at least four months after the

16   alleged infringement began.  (Docket No. 1 ¶ 60).  Notably, Plaintiff does not allege

17   any facts to indicate that the infringement occurred while Plaintiff held the assignment

18   for the copyright—i.e., from September 26, 2023, onward.   Furthermore, Plaintiff

19   does not allege any facts regarding the scope or terms of the copyright assignment.

20   Without this information, the Court is unable to determine whether the copyright

21   assignment expressly conveyed the interest in prior claims for infringement to

22   Plaintiff.  *See, e.g. Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp.

23   1378, 1384 (C.D. Cal. 1993) ("Although an assignment of a copyright ordinarily is

24   presumed not to convey the right to sue for prior causes of action, this presumption is

25   not conclusive, but instead depends on the particular circumstances of the

26   assignment.").  Accordingly, the Court **GRANTS** Defendant's Motion on standing

27   grounds as to Plaintiff's second cause of action for copyright infringement without

28   prejudice.

1

*ii. Unfair Competition Claim (Cause of Action III)*

2      Defendant argues that Plaintiff lacks standing to assert a claim of unfair

3   competition under the Lanham Act because Plaintiff has not sufficiently alleged

4   economic or reputational injuries flowing directly from the alleged conduct.[2] (Docket

5   No. 34 at 15).  To sufficiently plead Article III standing in an unfair competition claim

6   under the Lanham Act, a plaintiff must first demonstrate that it falls within the "zone

7   of interests" protected by the Lanham Act.  *Lexmark Int'l, Inc. v. Static Control*

8   *Components, Inc.*, 572 U.S. 118, 131–32 (2014).  "[T]o come within the zone of

9   interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury

10  to a commercial interest in reputation or sales."  *Id.* Next, a plaintiff must demonstrate

11  that its injuries are proximately caused by violating the Lanham Act.  *Id.* at 132.

12  Specifically, "a plaintiff suing under § 1125(a) ordinarily must show economic or

13  reputational injury flowing directly from the deception wrought by the defendant's

14  advertising; and that occurs when deception of consumers causes them to withhold

15  trade from the plaintiff."  *Id.* at 133–34.  Proximate causation can be demonstrated in

16  numerous ways.  For example, if the plaintiff and defendant are direct competitors,

17  courts have held that there is a "presumed commercial injury that is sufficient to

18  establish standing" when consumers "withhold trade from the plaintiff" due to the

19  defendant's deceptive practices.  *Lexmark*, 572 U.S. at 133; *see also*

20  *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011).  Proximate

21  cause can also be shown when the allegedly false advertising "necessarily injure[s]"

22  the plaintiff's business by demonstrating a "1:1 relationship" between the transactions

23  diverted to the defendant the plaintiff's losses.  *Lexmark*, 572 U.S. at 139.

24  _____

25  [2] Defendant moves to dismiss Plaintiff's copyright, unfair competition, and UCL
    claims on grounds that Plaintiff's allegations lacking Article III standing, or in the

26  alternative, for failure to state a claim under Rule 12(b)(6).  While a challenge to
    Article III standing is typically brought as a jurisdictional challenge under Rule

27  12(b)(1), a challenge to statutory standing under the Lanham Act should be considered
    under Rule 12(b)(6).  *See, e.g. Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir.

28  2004).

1    Here, Plaintiff alleges that Plaintiff and Defendant market similar products, to
2  the same consumers, and through similar channels.  (*Id.* ¶¶ 19–20).  Plaintiff further
3  alleges that these misleading and deceptive advertisements "misrepresent the
4  characteristics and qualities of [Defendant's tonic], which deceptively lures consumers
5  to purchase [Defendant's] products instead of purchasing [Plaintiff's products]." (*Id.*
6  ¶ 44).  The Courts finds these allegations are sufficient for the purposes of
7  demonstrating commercial injuries under the Lanham Act, but insufficient to show
8  that these injuries are proximately caused by the false advertisements.  *Lexmark*, 572
9  U.S. at 132.  Although Plaintiff alleges that Plaintiff's false advertisements has led to
10  "lost sales and profits it would have made but for Plaintiff's willful unfair
11  competition," it does so rather conclusory and without any further allegations
12  demonstrating a causal link between Defendant's false advertising and the injury
13  suffered—i.e. lost profits.  *See, e.g., HomeLight, Inc. v. Shkipin,* No. 22-CV-03119-
14  PCP, 2023 WL 6284738, at *6 (N.D. Cal. Sept. 27, 2023) (finding that a loss of
15  "goodwill" based on false and misleading statements is "too attenuated to satisfy the
16  proximate cause requirement").  Accordingly, the Court **GRANTS** Defendant's
17  Motion on standing grounds as to Plaintiff's third cause of action.

18    iii. *State UCL Claims (Causes of Action IV and V)*

19    Defendant seeks to dismiss Plaintiff's UCL claims for lack of standing because
20  Plaintiff's Complaint does not meet the requirements of a class action.  (Docket No.
21  34 at 18–19).  Plaintiff correctly points out, however, that under UCL § 17204, any
22  "person who has suffered injury in fact and has lost money or property as a result of
23  the unfair competition" can bring a cause of action under UCL §§ 17500 and 17200.
24  (Docket No. 39 at 10); *see also* Cal. Bus. & Prof. Code § 17204.  Defendant
25  erroneously cites *Arias v. Superior Ct.*, 46 Cal. 4th 969, 980 (2009), which discusses
26  the rule for representative actions under UCL § 17203 and not individual actions as is
27  the case in this matter.  Accordingly, the Court **DENIES** Defendant's Motion as to

28

1   lack of standing for Plaintiff's fourth and fifth causes of action.

2   **B. <u>Lanham Act Claims (Causes of Action I and III)</u>**

3       To prevail on trademark infringement and unfair competition claims under the

4   Lanham Act, the plaintiff "must prove: (1) that it has a protectible ownership interest

5   in the mark; and (2) that the defendant's use of the mark is likely to cause consumer

6   confusion."[3] *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d

7   1137, 1144 (9th Cir. 2011) (internal quotation marks and citation omitted); *see also*

8   *Century 21 Real Est. Corp. v. Sandlin*, 841 F.2d 1175 (9th Cir. 1988) (finding that

9   likelihood to cause consumer confusion is the same for trademark infringement and

10  unfair competition claims under the Lanham Act) (internal quotation marks and

11  citation omitted).  Here, Plaintiff sufficiently alleges, and Defendant does not dispute,

12  that Plaintiff owns trademark registrations for the FEEL FREE Mark.  (Docket No. 1 ¶

13  9).  Instead, the only issue is whether Defendant's use of the trademark has a

14  likelihood of confusing consumers.

15      "A likelihood of confusion exists when a consumer viewing a service mark is

16  likely to purchase the services under a mistaken belief that the services are, or

17  associated with, the services of another provider."  *Murray v. Cable Nat. Broad. Co*.,

18  86 F.3d 858, 861 (9th Cir. 1996), *as amended* (Aug. 6, 1996) (citation omitted).  "The

19  confusion must be probable, not simply a possibility."  *Id.*  (internal quotation marks

20  and citations omitted).

21      The Ninth Circuit considers eight factors in assessing whether a defendant's use

22

23  ---
    [3] For purposes of this Motion, the Court analyzes both trademark infringement and
24  unfair competition claims together as the test is the same.  *See Hokto Kinoko Co. v.
    Concord Farms, Inc*., 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) (citing *New West
25  Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir.1979) "[T]he
    courts have uniformly held that common law and statutory trademark infringement are
26  merely specific aspects of unfair competition."); *see also Grey v. Campbell Soup Co.*,
    650 F.Supp. 1166, 1173 (C.D.Cal.1986) ("The tests for infringement of a federally
27  registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law
    trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law
28  unfair competition involving trademarks are the same").

of a mark is likely to confuse customers: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *AMF v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (the "*Sleekcraft* Factors"), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 810 (9th Cir. 2003).  Notably, the *Sleekcraft* Factors are intended to be "pliant, illustrative rather than exhaustive, and best understood as simply providing helpful guideposts." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc*., 618 F.3d 1025, 1030 (9th Cir. 2010) (internal quotation marks omitted).   "The ultimate question of likelihood of confusion 'is predominantly factual in nature,' as is each factor within the *Sleekcraft* likelihood of confusion test." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002) (quoting *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 812 (9th Cir. 1997)).  A plaintiff need not "establish that [every factor] weighs in its favor to show likelihood of confusion." *Vapor Spot, LLC v. Breathe Vape Spot, Inc.*, No. 15-CV-02110-MMM, 2015 WL 12839123, at *5 (C.D. Cal. Sept. 15, 2015) (internal quotation marks and citations omitted).

Plaintiff argues that it is premature at this juncture for the Court to engage in an analysis of the likelihood of consumer confusion as it "is a mixed question of law and fact but is predominantly factual in nature…." (Docket No. 39 at 3).  The Court agrees.  "The existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss." *See, e.g. Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938–39 (9th Cir. 2008). "[I]t is a rare situation in which granting a motion to dismiss is appropriate when a case involves questions of consumer confusion." *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) (citations and internal quotation marks omitted).  When courts have dismissed a trademark infringement claim under Rule 12(b)(6), it was because there was no

1   likelihood of confusion possible because the marks, goods, and services are so

2   dissimilar.  *See, e.g. Mintz v. Subaru of America, Inc*., 716 Fed. Appx. 618, 620 (9th

3   Cir. 2017) (dismissing infringement claims for dissimilar marks "Share the Love" and

4   "A World of Love, for You and Those You Love"); *Murray*, 86 F.3d at 861, *as*

5   *amended*, (Aug. 6, 1996) (affirming the dismissal of a trademark infringement case

6   under Rule 12(b)(6) because there was no likelihood of consumer confusion between

7   plaintiff's AMERICA SPEAKS for man-on-the-street video surveys for television

8   commercials of business clients and defendant's AMERICA'S TALKING for talk

9   show programming for cable television); *Marvel Enters., Inc. v. NCSoft Corp*., No.

10  CV 04-9253-RGK, 2005 WL 878090, at *4 (C.D. Cal. Mar. 9, 2005) ("That the terms

11  at question here [(the word mark STATESMAN and the registered mark CAPTAIN

12  AMERICA)] are entirely dissimilar is self-evident.").

13         Here, Plaintiff alleges that the parties both sell competing products using the

14  same special two ingredients, and similarly market their product as "an alcoholic

15  alternative aimed at providing consumers with relaxation and enhanced productivity."

16  (Docket No. 1 ¶ 20).  Further, the Plaintiff alleges that Plaintiff has built goodwill

17  through its "extensive use and promotion" of its FEEL FREE Mark, which is a term

18  that is also present in the marketing materials of Defendant's product.  (*Id.* ¶¶ 17–18).

19  The use of the term "feel free" in conjunction with the similarities with the product

20  and market are sufficient to allege a trademark claim at this stage of the proceedings.

21  *See, e.g*., *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829 (9th Cir.

22  1991) (finding similarity of two companies providing financial services sufficient for

23  likelihood of confusion); *see also Empire TM Holdings, LLC v. Lohre*, No.

24  822CV00135MEMFADSX, 2022 WL 18674587, at *10 (C.D. Cal. May 24, 2022)

25  (finding plaintiff's trademark "FIT BODY BOOT CAMP" and defendant's use of the

26  term "Fit Body" to market defendant's business and sell fitness-related products and

27  services was sufficient to state a claim because "both parties offer fitness-related

28  services, and two marks are somewhat similar"); *Global Apogee v. Sugarfina, Inc.*,

2018 WL 4945305, at *3 (C.D. Cal. Oct. 10, 2018) ("Because the parties use the same word in connection with the same type of services, they are not obviously dissimilar. Thus, it is premature to conduct a likelihood of confusion analysis and the marks are related enough to survive a dismissal at this stage."). Accordingly, the Court **DENIES** Defendant's Motion for failure to state a claim as to the Lanham Act claims under Plaintiff's first and third causes of action.

### C. UCL Claims (Cause of Action IV and V)

#### i. *Congruent to Lanham Act Claims*

"This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994); *see also Mintz*, 716 F. App'x at 622 (stating that claims for "California unfair competition under Cal. Bus. & Prof. Code § 17200 are 'substantially congruent' with ... claims for trademark infringement, dilution, and unfair competition under federal law"). Because Plaintiff has pled sufficient facts to state its claim under the Lanham Act and because the Court declines to engage in a determination of the likelihood of confusion at this stage, Plaintiff's UCL causes of action are likewise sufficiently pled. *See, e.g. RCRV, Inc. v. Gracing Inc.*, No. CV 16-2829-R, 2016 WL 11000048, at *2 (C.D. Cal. July 20, 2016) (finding that because the Lanham Act claims were sufficiently pled, the UCL causes of action are similarly sufficiently pled). Accordingly, the Court **DENIES** Defendant's Motion as to Plaintiff's UCL claims.

#### ii. *Preemption by Copyright Act*

Defendant seeks to dismiss Plaintiff's UCL claims as being preempted by the Copyright Act. (Docket No. 34 at 17–18). "A state law cause of action is preempted by the Copyright Act if two elements are present [1] the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act. 17 U.S.C. § 301(a); [and] [2] the work involved must fall within the 'subject

matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).  (citations omitted).  "To survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an '*extra element*' that changes the nature of the action."  *Wimer v. Reach Out Worldwide, Inc.*, No. CV 17-1917-RSWL-ASX, 2017 WL 5635461, at *3 (C.D. Cal. July 13, 2017) (emphasis in original) (citing *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004)).  In the context of the UCL claims, "[w]here the unfair competition claim rests on rights guaranteed by the Copyright Act, the unfair competition claim is preempted." *Id.* at *5 (citing *Kodadek*, 152 F.3d at 1212).  "This inquiry is not merely a comparison of the elements of a state cause of action with those of a claim of copyright infringement, but, instead, requires a court to determine whether the extra element in fact 'transform[s] the nature of the cause of action' into something other than a claim for copyright infringement."  *Micro/sys, Inc. v. DRS Techs., Inc.*, No. CV 14-3441 DMG (CWX), 2015 WL 12748631, at *4 (C.D. Cal. Feb. 18, 2015) (citing *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006)).Here, Plaintiff's UCL claims do not overlap with its copyright claims in a way the claims are effectively interchangeable.  For example, in *Kodadek*, the UCL and Copyright Act claims were both based on the "publishing and placing on the market for sale products bearing the images subject to the copyright ownership of the plaintiff," namely, products bearing a cartoon image. *Kodadek*, 152 F.3d at 1212–13.  In contrast, Plaintiff's copyright infringement and UCL claims are not based solely on the infringement of the video and the rights granted under the Copyright Act, such as the right "to reproduce the copyrighted work in copies, to prepare derivative works based on the copyrighted work, to distribute copies ... to the public, and 'to display the copyrighted work publicly.'"  *Id.*  Instead, the UCL claims add an additional claim that Defendant superimposed images of its own product onto Plaintiff's video to confuse and mislead consumers into falsely thinking that the consumer-review was

meant for Defendant's product. (*Id.* ¶¶ 34–41). Because the UCL claims are premised on an extra element of deception, the Court finds that the UCL claims are not preempted. *See, e.g. Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 2111, 1217 (E.D. Cal. 2004) (finding that a UCL counterclaim was not preempted by Copyright Act to the extent it alleged that the defendant's actions confused consumers into believing that its products were the plaintiff's products or were approved by the plaintiff). Accordingly, the Court **DENIES** Defendant's Motion as to Plaintiff's UCL claims being preempted by the Copyright Act.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion. Specifically, the Court **GRANTS** Defendant's Motion as to Plaintiff's second and third causes of action, and **DENIES** Defendant's Motion as to Plaintiff's first, fourth, and fifth causes of action. With respect to the causes of action that are dismissed, the Court dismisses them without prejudice and with leave to amend. Plaintiff shall file an amended Complaint within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 1, 2024

_____

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE