WILSON TURNER KOSMO LLP
Frederick W. Kosmo, Jr. (SBN 138036)
Hubert Kim (SBN 204957)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com

Attorneys for Plaintiff BOTANIC TONICS, LLC,
a Delaware limited liability company

**[ADDITIONAL COUNSEL LISTED ON FOLLOWING PAGE]**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BOTANIC TONICS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>SHOT OF JOY LLC, a California limited liability company,<br><br>    Defendants. | Case No. 2:23-cv-10437 WLH (PDx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>  **(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>  **(2) FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 106);**<br>  **(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br>  **(4) UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200, *et seq.*);**<br>  **(5) FALSE ADVERTISING (Cal. Bus. & Prof. Code § 17500, *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED COMPLAINT

ARNALL GOLDEN GREGORY LLP
Kevin M. Bell (MD Bar # 14832) (admitted *pro hac vice*)
Matthew D. Zapadka (VA Bar # 88140) (admitted *pro hac vice*)
Justin F. Ferraro (VA Bar # 92226) (admitted *pro hac vice*)
2100 Pennsylvania Avenue, NW, Suite 350S
Washington, DC  20037
Telephone: 202.677.4906
Fax: 202.677.4031
E-mail:  Kevin.Bell@AGG.com
E-mail:  Matthew.Zapadka@AGG.com
E-mail:  Justin.Ferraro@AGG.com

GORDEE, NOWICKI & BLAKENLY LLP
Kevin R. Nowicki (SBN 128686)
100 Spectrum Center Drive, Suite 870
Irvine, California  92618
Telephone: (949) 567-9923
Facsimile: (949) 567-9928
E-mail: knowicki@gna-law.com

Attorneys for Plaintiff BOTANIC TONICS, LLC,
a Delaware limited liability company

FIRST AMENDED COMPLAINT

Plaintiff Botanic Tonics, LLC (hereinafter "Plaintiff" or "Botanic Tonics"), by and through counsel, files this Complaint against defendant, Shot of Joy LLC (hereinafter "Defendant" or "Shot of Joy"). Shot of Joy's agents and principals have infringed on Botanic Tonics's trademarks and at least one copyright to unjustly capitalize on Botanic Tonics's brand name and consumer goodwill. To that same end, Shot of Joy has used deceptive advertisements with the intent of unfairly luring customers to purchase Shot of Joy products instead of purchasing products made by Botanic Tonics. In this action, Botanic Tonics seeks to recover monetary damages and permanent injunctive relief for trademark infringement, copyright infringement, and federal and state unfair competition for false advertising.

## PARTIES

1.      Plaintiff, Botanic Tonics is a Delaware limited liability company having a principal place of business at 740 Kingman Avenue, Santa Monica, California 90402.

2.      Defendant, Shot of Joy, is a company that, on information and belief, has a principal place of business at 1450 2nd St. #400, Santa Monica, California 90402.

## JURISDICTION AND VENUE

3.      This is an action against Shot of Joy for copyright infringement, and federal and state unfair competition for false advertising.

4.      This Court has subject matter jurisdiction over this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 501, *et seq.*, the provisions of the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Botanic Tonics's related state law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

5.      This Court has personal jurisdiction over Shot of Joy because, on information and belief, *inter alia*, (a) Shot of Joy is a company organized and existing under the laws of the state of California; (b) Shot of Joy's principal place of business is located within the state of California; (c) Shot of Joy, routinely, systematically, and

continuously conducts business in the state of California; (d) Shot of Joy has marketed, distributed, offered for sale, and/or sold the infringing products within the state of California; and (e) Shot of Joy has otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction such that Shot of Joy's due process rights are not offended by this Court's exercising of personal jurisdiction over Defendant.

6.     The District Court for the Central District of California is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to the Court's personal jurisdiction, resides in this district, and a substantial part of the events at issue in this action occurred in this District.

## STANDING

7.     Botanic Tonics has standing to file this action because it is the owner of the federal trademarks and copyright infringed by Defendant and Defendant was, and is, directly harmed by Shade of Joy's false advertising.

## STATEMENT OF FACTS

**A.     Background on Botanic Tonics and Feel Free**

8.     Botanic Tonics manufactures, sells, and distributes wellness tonics and capsules under the brand FEEL FREE, which contain a proprietary formula of kratom leaf and kava root derived from natural plants found in the South Pacific and Southeast Asia. Botanic Tonics's products are marketed as safe alternatives to alcohol, energy drinks, and synthetic focus enhancers.

9.     Botanic Tonics owns several federal trademark registrations for the FEEL FREE mark covering its wellness products, including, but not limited to, the following:

| Serial Number | U.S. Registration Number | Work Mark | Registration Date |
|---|---|---|---|
| 97292962 | 7018376 | FEEL FREE | April 4, 2023 |
| 90235719 | 6396112 | FEEL FREE | June 22, 2021 |

FIRST AMENDED COMPLAINT

10.     Since 2020, Botanic Tonics has invested significant time, resources, and financial investment into building the FEEL FREE brand and establishing consumer goodwill through investments in marketing and promoting its products using the FEEL FREE mark. These marketing and promotion efforts include, but are not limited to, paid advertisement on various webpages and social media, and partnerships with influencers and brand ambassadors.

11.     The FEEL FREE mark is valid, enforceable, and legally protectable.

12.     As a well-known and famous brand in its market category, Botanic Tonics's promotion and advertising of the FEEL FREE mark and brand is inextricably linked to wellness products, including wellness drinks.

13.     Consumers associate the stylized appearance of the FEEL FREE mark with Botanic Tonics, and would consider wellness drinks, using those marks, or those that are confusingly similar, to originate from Botanic Tonics.

14.     Botanic Tonics's FEEL FREE products contain labels that display the FEEL FREE mark, stylistically displayed in block-lettering, cursive script, and with one word stacked on top of the other. A non-limiting set of examples are as follows:

 

FIRST AMENDED COMPLAINT

15.    The FEEL FREE tonic, shown above, is a wellness drink to help with relaxation, productivity, and focus. It is marketed as a natural alternative to alcohol, energy drinks, and synthetic focus enhancers. FEEL FREE tonic is gluten free, vegan, and marketed as providing consumers with a wellness drink made from natural products, which have been known to help with relaxation, productivity, focus, and more. Botanic Tonics specifically markets FEEL FREE tonics as providing these benefits without the hangover:



*See* Botanic Tonics Website, Homepage, https://botanictonics.com/ (last accessed on October 31, 2023).

16.    Botanic Tonics sells its products through its website (https://botanictonics.com/) and through a network of stores and distributors nationwide.

17.    The market for kava and kratom tonics, and other related products, is an emerging market with a limited number of participants, wherein Botanic Tonics was the innovator and first mover in this space, which has incentivized late-movers like Shot of Joy to attempt to trade off the goodwill and branding relied upon by FEEL FREE.

-6-    Case No. 2:23-cv-10437 WLH (PDx)

FIRST AMENDED COMPLAINT

18.   As a result of Botanic Tonics's extensive use and promotion of the FEEL FREE mark, Botanic Tonics has built up, and now owns, extremely valuable goodwill that is symbolized by the FEEL FREE mark.

**B.   Shot of Joy's Trademark Infringement**

19.   On information and belief, Shot of Joy is a company that manufactures and distributes kava and kratom based tonics and kratom gummies directly to consumers via its website at www.shotofjoy.com, or through third-party websites such as https://deltaextractskratom.com/product/shot-of-joy/, among others. On information and belief, Shot of Joy also distributes kava and kratom-based tonics and similarly situated products to third-party distributors and/or brick and mortar retailers for resale to consumers. *See* https://shotofjoy.com/pages/wholesale (selling Shot of Joy products to wholesale suppliers via a "Wholesale" page on the Shot of Joy website). On information and belief, Shot of Joy not only sells its infringing and violative products online, but also in retail stores within physical proximity to FEEL FREE products.

20.   Shot of Joy markets, manufactures, and/or distributes its kava and kratom products under the brand "SHOT OF JOY," utilizing words and symbols that are confusingly similar to Botanic Tonics's marks, specifically Shot of Joy's prior use of the term "Feel Free" in marketing of their product, which is part of an ongoing effort to trade off the goodwill and trademarks of Botanic Tonics:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



21.    Shot of Joy's products, which have been marketed using the phrase "Feel Free," are marketed and sold for the same uses as Botanic Tonics's FEEL FREE products, and thereby marketed in the same channels of trade and to the same consumers as Botanic Tonics's trademarked products.

22.    For example, Shot of Joy's tonics—like Botanic Tonics's—are made from kava and kratom, and both market an alcoholic alternative aimed at providing consumers with relaxation and enhanced productivity.

23.    Shot of Joy further capitalizes on the "FEEL FREE" brand by emphasizing that their product creates a reaction in the consumer that is synonymous with the plain meaning and brand understanding of "Feel Free." A non-inclusive example is included below:

/ / /

/ / /



ONE SHOT IS ALL YOU NEED

## Boost Creativity & Focus

Feel present, feel at peace with internal and external self, feel blissful and eager to be yourself again, feel excited and free. Reignite your passions that have been buried in stress and become the highest vibrational version of yourself.

*See* Shot of Joy Website, Euphoria with CLASSIC – Kratom & Kava Shot product page, https://shotofjoy.com/collections/kratom-kava/products/kava-shots?variant=43633029087457 (last accessed on October 31. 2023).

24.     As shown in the above excerpt, "Feel present," "feel at peace with internal and external self," "feel blissful," and "feel excited and free," contain the same connotation and meaning of the "Feel Free" mark and brand.

25.     The similarity in sight, sound, and appearance between Botanic Tonics's marks and Shot of Joy's marketing, both of which concern products marketed in the same channels of commerce to the same consumers, causes consumer confusion.

26.     Shot of Joy is also attempting to trade on the goodwill established by Botanic Tonics in its FEEL FREE mark by using ambassador and customer reviews posted by individuals to YouTube to create false advertisements for Shot of Joy, as described in Section B of this Complaint.

27.     On information and belief, Shot of Joy, through their owners James B. Carty and Juan Antonio Camarena, had knowledge of, and was familiar with, the FEEL FREE marks and products when it began marketing, promoting, offering for sale and selling wellness tonics.

28.     On information and belief, Shot of Joy intentionally adopted, and used, a confusing similar imitation of Botanic Tonics's FEEL FREE mark knowing that Shot of Joy's marketing would mislead and deceive consumers into believing Shot of Joy's

wellness tonics were produced, authorized, or licensed by Botanical Tonics, or that the Shot of Joy products originated from Botanic Tonics.

29. Botanic Tonics neither licensed, authorized, sponsored, endorsed, or approved of Shot of Joy, its products, or its advertising in any way.

30. On information and belief, Botanic Tonics used the FEEL FREE mark on kava and kratom wellness tonics well before Shot of Joy began marketing its kava and kratom tonic products.

31. The likelihood of confusion, mistake, and deception engendered by Shot of Joy's infringement of the FEEL FREE mark is causing irreparable harm to the goodwill symbolized by the FEEL FREE mark and its reputation to consumers.

32. Shot of Joy's marketing, promotion, offer for sale, sale, and distribution of kava and kratom tonics is likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Shot of Joy products at the point of sale are likely—due to Shot of Joy's copying of the FEEL FREE mark—to mistakenly attribute the source of Shot of Joy wellness products to Botanic Tonics. Particularly, confusion is likely for consumers who search for Botanic Tonics's products online or purchase Botanic Tonics's products through the Internet and will see FEEL FREE products and Shot of Joy products side-by-side on third-party distributor websites. By causing a likelihood of confusion, mistake, and deception, Shot of Joy is inflicting irreparable harm on the goodwill symbolized by Botanic Tonics FEEL FREE mark and the reputation for quality it embodies.

33. On information and belief, Shot of Joy knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of Botanic Tonics's FEEL FREE mark on its kava and kratom products and created false advertising using customer reviews of Botanic Tonics's products to deceptively market their own imitation wellness tonic.

/ / /

/ / /

FIRST AMENDED COMPLAINT

### C.     Shot of Joy's Copyright Infringement and False Advertisement

34.     Botanic Tonics relies on its brand recognition, reliability associated with that brand, and customer goodwill, which it has built up through years of effort, in order to market its products to potential customers. Part of Botanic Tonics's marketing efforts includes relationships with ambassadors or influences, who provide potential customers with firsthand knowledge of the product and experience using the product. Additionally, due to Botanic Tonics's aforementioned brand recognition efforts, influencers and customers of Botanic Tonics also offer up reviews or opinions on FEEL FREE products to their followers on various social media platforms, such as YouTube.

35.     The following image shows a Feel Free product review posted to YouTube:

36.     These types of consumer-created product reviews are critical to Botanic Tonics's brand development and marketing where word-of-mouth testimonials carry significant weight in the wellness products market.

37.     Botanic Tonics is the owner of all right, title, and interest to the internet video identified above featuring Nicholas Urban, who is the owner of the YouTube handle @outliyr. The video is titled "Botanic Tonics Feel Free Drink Review," and it was posted to YouTube on March 31, 2022 (https://www.youtube.com/watch?v=kB4_Ry_a1Ds&t=2s).

38.     On September 26, 2023, Botanic Tonics and Nicholas Urban entered into an assignment agreement whereby Urban assigned to Botanic Tonics the entirety of the exclusive rights, title, and interest to one or more internet videos related to Botanic Tonics' "Feel Free" product along with the assignment of all accrued damages, including Urban's March 31, 2022 video titled "Botanic Tonics Feel Free Drink Review" (hereinafter "Copyrighted Works".)

/ / /

/ / /

39.     Urban's assignment explicitly included the assignment of all rights, title, and interest in the Copyrighted Works, including, but not limited to, (1) the rights to register the intellectual property rights for the Copyrighted Works (Exhibit A-32, §1(a)); (2) the rights to enforce the Copyrighted Works in any and all causes of action, rights, and remedies arising from the Copyrighted Works accruing both *prior to* and *after the* effective date of assignment (Exhibit A-32§1(a)), Exhibit A-37§1); and (3) the rights to recover damages for any infringement of the Copyrighted Works accruing both *prior to* and *after the* effective date of the assignment (*see id*.).

40.     On information and belief, Shot of Joy markets, manufactures, and/or distributes its wellness tonic using advertisements that infringe on Botanic Tonics's rights, deceive consumers by blatantly trading on the customer goodwill and success of Botanic Tonics, and falsely advertises its products by superimposing Shot of Joy products into videos featuring FEEL FREE (not Shot of Joy).

41.     Similar to FEEL FREE tonics, Shot of Joy's tonics contain both kava and kratom. As a result, both Plaintiff and Defendant compete for the exact same consumers and in the same emerging market, in which there are relatively few participants and products, and in which Botanic Tonics was and remains the market leader in this space. Thus, and based on information and belief, Shot of Joy's actions alleged herein (including trademark infringement, copyright infringement, and Shot of Joy's deceptive and/or misleading advertising) directly displaced sales from Botanic Tonics, thereby causing consumers to purchase Shot of Joy when they otherwise would have purchased FEEL FREE, which caused lost profits and other monetary harm to Botanic Tonics.

42.     To compete for market share in the wellness product industry, manufacturers and retailers often advertise and market their products to consumers on social media, such as, but not limited to, Facebook, Instagram, and other social media platforms.

/ / /

43. Since *at least* May 1, 2023, Shot of Joy has advertised its product on Facebook using a deceptively edited advertisement that infringes on Botanic Tonics's copyright rights.

44. Shot of Joy's videos also deceptively market its products to consumers that watch the videos believing that the reviews are related to Shot of Joy, when the content of the review, commentary, and commendation all relate to the product of the original video, FEEL FREE.

45. Shot of Joy's Facebook advertisement referenced herein deceptively edited the aforementioned FEEL FREE product review to superimpose images of Shot of Joy products in the video owned by Botanic Tonics.

46. Included below are side-by-side images for comparisons of the original video as uploaded to YouTube and the Shot of Joy deceptively edited video:

Original Video #1:



/ / /

/ / /

Shot of Joy Deceptive Ad:



47.     In this same Facebook advertisement, Shot of Joy similarly modified multiple other FEEL FREE product review videos uploaded to YouTube where various influencers reviewed FEEL FREE products. Shot of Joy deceptively edited and superimposed images of Shot of Joy products to videos that were reviewing FEEL FREE products in order to mislead consumers into believing those product review videos were referring to Shot of Joy products instead. On information and belief, Shot of Joy did not have permission from those influencers to deceptively edit those videos in this manner.

48.     Shot of Joy reproduced and edited these FEEL FREE product reviews in a clear effort to trick consumers into purchasing Shot of Joy products instead of Botanic Tonics's products and in a clear effort to improperly trade on the customer goodwill rightfully earned by Botanic Tonics.

49.     Shot of Joy's deceptive and/or misleading advertising and statements misrepresent the characteristics and qualities of the Shot of Joy tonic, which deceptively lures consumers to purchase Shot of Joy's products instead of purchasing products made by Botanic Tonics.

50. On information and belief, Shot of Joy commenced operations on or about May 18, 2022, and at that point, Botanic Tonics had already established itself as the market leader in the emerging kava and kratom tonics market, through customer recognition, endorsements, and brand partnerships.

51. Shot of Joy is Botanic Tonics's direct competitor because Shot of Joy entered the market selling similar products, to the same consumers, through similar channels, which is evidenced by the fact that Shot of Joy used Botanic Tonics's product reviews to advertise for its own product.

52. In an effort to boost its profile, visibility and the purported (but untrue) quality of its products to customers, Shot of Joy hijacked positive reviews about Botanic Tonics to lure customers into purchasing Shot of Joy's products.

53. Shot of Joy has, without authorization, reproduced and distributed via Facebook, a copyrighted video owned by Botanic Tonics. Specifically, the video titled "Botanic Tonics Feel Free Drink Review" posted to YouTube on March 31, 2022 (https://www.youtube.com/watch?v=kB4_ Ry_a1Ds&t=2s ).

54. Shot of Joy also advertises its products as safe and manufactured and transported in a quality-controlled manner, which is false. For example, Shot of Joy states that its, "high-quality FDA-complaint, good manufacturing practices (GMP) standards ensure lab-tested ingredients presented in environmentally conscious packaging."

> Our commitment to excellence is unwavering. Every sip from our drink promises nature's best, with all-natural ingredients, minimal sugar, and low calories. Our high-quality FDA-compliant, good manufacturing practices (GMP) standards ensure lab-tested ingredients presented in environmentally conscious packaging. With each order, know that you are receiving a product crafted with love and relentless dedication to uplift your spirit.

*See* Shot of Joy Website, About Us page, https://shotofjoy.com/pages/our-story (last accessed October 31, 2023).

/ / /

55.     Shot of Joy's representations of FDA-compliance, high quality products, and GMP standards are misleading and deceptive to consumers, as evidenced by the U.S. Food and Drug Administration's ("FDA") recent warning letter informing Shot of Joy that its products and its corresponding advertising violates federal law. *See* Warning Letter, RE: 665936, U.S. Food and Drug Administration, September 25, 2023, https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/shot-joy-llc-665936-09252023 (last accessed on Dec. 7, 2023).

56.     For example, Shot of Joy claimed that kratom can "cure" tiredness, hypertension, opioid addition, withdrawal symptoms, and post-traumatic stress disorder. *See id.* Further, Shot of Joy claimed, "[n]europrotection: Kava has preventive properties against strokes. Two of Kava's constituents, dihydromethysticin and methysticin, have similar potency to the Alzheimer's disease treatment Memantine." *Id.* (internal quotes omitted). By making such claims, without the necessary and accurate support, Shot of Joy has harmed consumers who are misled by the false or deceptive statements, and harmed Shot of Joy's competitors, such as Botanic Tonics, by harming the reputation of, and customer goodwill towards, the kava and kratom industry and market as a whole. Botanic Tonics goes to great lengths to provide complaint marketing materials and Shot of Joy's improper labeling that has now been associated with FEEL FREE due to Shot of Joy's infringing and deceptive trade practices has caused, and continues to cause, reputational harm to Botanic Tonics.

57.     Shot of Joy's misleading and deceptive advertisements are made through its website and through social media, such as Facebook, affecting interstate commerce and reaching an audience of consumers across the United States. On information and belief, Shot of Joy also sells its products through its website to customers across state lines.

/ / /

FIRST AMENDED COMPLAINT

58.     Because of the current, and previous, size of the kava and kratom products market, Shot of Joy's deceptive conduct, which lured consumers to purchase its products instead of Botanic Tonics's products, directly resulted in those customers not purchasing Botanic Tonics products. Furthermore, any customer who was enticed to purchase Shot of Joy's products because of this deceptive ad would have necessarily purchased Botanic Tonics's FEEL FREE because the deceptive video actually depicted clips of positive reviews of FEEL FREE, not Shot of Joy. By deceiving consumers using FEEL FREE's brand name, copying imagery and videos made about FEEL FREE, and providing misleading and/or deceptive statements to consumers, those statements have harmed Botanic Tonics by displacing sales that would have gone to Botanic Tonics but for Shot of Joy's actions, leading to lost profits, reduced sales, reputational harm, and other monetary damages arising therefrom.

59.     These aforementioned deceptive and/or misleading advertising and statements misrepresent the characteristics and qualities of the Shot of Joy tonic, which deceptively lures consumers to purchase Shot of Joy's products instead of purchasing products made by Botanic Tonics.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114)

60.     Botanic Tonics re-alleges and incorporates by reference paragraphs 1 through 52 as if fully set forth herein.

61.     Shot of Joy's use of a confusingly similar imitation of Botanic Tonics's FEEL FREE mark in a confusingly similar manner on competing kava and kratom wellness tonics is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Shot of Joy's products are manufactured or distribution by Botanic Tonics, associated or connected with Botanic Tonics, or have sponsorship, endorsement, or approval of Botanic Tonics.

62.     In connection with Shot of Joy's kava and kratom tonics, it has used a reproduction, counterfeit, copy, or colorable imitation of Botanic Tonics's registered trademarks without Botanic Tonics's consent.

63.     Shot of Joy's use of "Feel Free" in marketing and advertising the sale of kava and kratom tonics is confusingly similar to Botanic Tonics's federally registered FEEL FREE mark in violation of 15 U.S.C. § 1114. Shot of Joy's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Botanic Tonics's goodwill and reputation as symbolized by Botanic Tonics's FEEL FREE mark.

64.     Shot of Joy's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Botanic Tonics's FEEL FREE mark to Botanic Tonics's great and irreparable harm.

65.     By virtue of Shot of Joy's conduct, including the sale, production, formulation, distribution, manufacture, advertisement, or promotion of products marketing using the phrase "Feel Free," Shot of Joy has willfully violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Botanic Tonics has suffered and will continue to suffer irreparable damage to its business, reputation, and goodwill and has lost sales and profits it would have made but for Shot of Joy's willful infringement.

66.     Shot of Joy caused and is likely to continue to cause substantial injury to the public and to Botanic Tonics, and Botanic Tonics is entitled to injunctive relief and to recover Shot of Joy's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II

### FEDERAL COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 106)

67.     Botanic Tonics re-alleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

68.     The video titled "Botanic Tonics Feel Free Drink Review" uploaded to YouTube on March 31, 2022 (https://www.youtube.com/watch?v= kB4_Ry_a1Ds) ("Botanic Tonics Copyrighted Work") constitutes original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

69.     Botanic Tonics has complied with the registration requirements of 17 U.S.C. § 411(a) for the Botanic Tonics Copyrighted Work. The Botanic Tonics Copyrighted Work is protected by U.S. Copyright Registration Number PA 2-433-515 identified in Exhibit B which was duly issued to Botanic Tonics by the United States Copyright Office. Since September 26, 2023, Botanic Tonics has been, and still is the owner of all rights, title, and interest in the Botanic Tonics Copyrighted Work through a valid assignment.

70.     The Botanic Tonics Copyrighted Work was published on the internet and available to Shot of Joy online. As such, Shot of Joy had access to the Botanic Tonics Copyrighted Work.

71.     Without authorization from Botanic Tonics, or any right under the law, Shot of Joy deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating the Botanic Tonics Copyrighted Work in a video advertisement placed on Facebook. Such conduct infringes and continues to infringe the Botanic Tonics Copyrighted Work in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), (5).

72.     Shot of Joy reaped the benefits of the unauthorized copying and distribution of the Botanic Tonics Copyrighted Work in the form of revenue and other profits that are driven by the sale of Shot of Joy tonics.

73.     Shot of Joy's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Botanic Tonics's rights.

74.     Shot of Joy, by its actions, has damaged Botanic Tonics in an amount to be determined at trial.

/ / /

75. Shot of Joy's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Botanic Tonics great and irreparable injury that cannot fully be compensated or measured in money. Botanic Tonics has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Botanic Tonics is entitled a preliminary and permanent injunction prohibiting further infringement of the Botanic Tonics Copyrighted Work.

## COUNT III

## FEDERAL UNFAIR COMPETITION

## (15 U.S.C. § 1125(a))

76. Botanic Tonics re-alleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

77. In connection with Shot of Joy's kava and kratom tonics, Shot of Joy has used a reproductive, counterfeit, copy, or colorable imitation of Botanic Tonics's registered trademarks and copyrights without Botanic Tonics's consent.

78. Shot of Joy's use of a confusingly similar imitation of Botanic Tonics's FEEL FREE mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Shot of Joy's products are manufactured or distribution by Botanic Tonics, or are affiliated, connected, or associated with Botanic Tonics, or have the sponsorship, endorsement, or approval of Botanic Tonics.

79. Shot of Joy has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a) due to its use of "Feel Free" in its marketing and its deceptively edited advertisement video published on Facebook. Shot of Joy's activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Botanic Tonics's goodwill and reputation as symbolized by Botanic Tonics's FEEL FREE mark, for which Botanic Tonics has no adequate remedy at law.

80.    Shot of Joy's false representations and misleading and deceptive advertisements also affect interstate commerce because Shot of Joy sells products and advertises into multiple states.

81.    Shot of Joy's actions demonstrate intentional, willful, and malicious intent to unfairly compete with Botanic Tonics and trade on the goodwill associated with Botanic Tonics's FEEL FREE mark causing Botanic Tonics great and irreparable harm.

82.    Shot of Joy and Botanic Tonics are direct competitors, who compete to sell the same type of products to the same category of consumers in the same nascent market category, wherein Botanic Tonics was already the established market leader in this space. Following Botanic Tonics's creation of this market category, including kava and kratom tonics, Shot of Joy began selling its products using references to FEEL FREE and manipulating a FEEL FREE product review. Thus, Shot of Joy attempted to capitalize on Botanic Tonics's brand recognition to benefit itself utilizing deceptive and/or misleading tactics, which as direct competitors in this market, displaced sales from Botanic Tonics to Shot of Joy. Indeed, as direct competitors, Shot of Joy would have had no reason to manipulate the videos in the manner it had if they were not intended to divert sales from Botanic Tonics to Shot of Joy.

83.    By virtue of Shot of Joy's conduct, including the sale, production, formulation, distribution, manufacture, advertisement, or promotion of products marketed using the mark "Feel Free" and a deceptively edited Facebook advertisement, Shot of Joy has willfully violated Section 32 of the Lanham Act, 15 U.S.C. § 1125(a), and Botanic Tonics has suffered and will continue to suffer irreparable damage to its business, reputation, and goodwill and has lost sales and profits it would have made but for Shot of Joy's willful unfair competition.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

84. Any consumer who purchased Shot of Joy after seeing the deceptively edited video(s) referenced herein, along with Shot of Joy's other deceptive and/or misleading tactics, would necessarily be a consumer who otherwise would have purchased FEEL FREE. The displacement of FEEL FREE purchases also arose because of the reviews hijacked by Shot of Joy, which those consumers positively responded to, but were actually reviewing FEEL FREE and not Shot of Joy.

85. Shot of Joy caused and is likely to continue causing substantial injury to the public and to Botanic Tonics, and Botanic Tonics is entitled to injunctive relief and to recover Shot of Joy's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT IV

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

### (Cal. Bus. & Prof. Code § 17500, *et seq.*)

86. Botanic Tonics re-alleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

87. California Business and Professions Code § 17500 provides that it is unlawful for any person, firm, corporation, or association to dispose of property or perform services, or to induce the public to enter into any obligation relating thereto, through the use of untrue or misleading statements.

88. Shot of Joy has knowingly disseminated untrue and misleading statements at least in the form of at least one Facebook advertisement video which falsely depicted FEEL FREE product reviews to mislead consumers into believing those product reviews were about Shot of Joy products. Shot of Joy has also misled customers through advertisements on its website claiming that kava and kratom contain properties and produce health results that Shot of Joy relies upon to mislead consumers and unfairly compete with Botanic Tonics.

89. Shot of Joy has disseminated untrue and misleading statements on the Internet, impacting both consumers and competitors within the state of California and

1 elsewhere in the United States along with brick-and-mortar locations where the
2 products are sold in proximity to one another. Shot of Joy has made these statements
3 with the intent to increase sales in California and elsewhere in the United States and to
4 induce the public into purchasing its products.

5     90.     Shot of Joy knew or should have known that its advertising activities are
6 false, misleading, and deceptive.

7     91.     Shot of Joy's false and misleading statements have deceived and have the
8 tendency to deceive a substantial segment of their intended audience about matters
9 material to purchasing decisions.

10     92.     As a result of its conduct, Shot of Joy has been unjustly enriched,
11 specifically in the form of ill-gotten gains that it derived from deceptively luring
12 consumers into purchasing its products.

13     93.     Also, as a result of this conduct, Botanic Tonics has suffered injury-in-
14 fact in the form of lower sales because Shot of Joy has fraudulently lured consumers
15 to buy Shot of Joy products who otherwise would have bought Botanic Tonics's
16 products.

17     94.     Pursuant to California Business and Professions Code § 17535, Botanic
18 Tonics asks this Court to compel Shot of Joy to provide restitution and injunctive
19 relief to cease such false and misleading advertisements in the future. Botanic Tonics
20 also seeks attorney's fees and costs, punitive damages, and compensatory damages.

<u>**COUNT V**</u>

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**

**(Cal. Bus. & Prof. Code § 17200,** *et seq.***)**

24     95.     Botanic Tonics re-alleges and incorporates by reference paragraphs 1
25 through 50 as if fully set forth herein.

26     96.     California prohibits "unlawful, unfair or fraudulent business act[s] or
27 practice[s] and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.
28 Code § 17200, *et seq.* California's UCL provides a provide right of action against any

1  person who engages in unfair competition. The UCL has three prongs, which prohibit

2  any "unlawful," "fraudulent," or "unfair" business act or practice, and a UCL claim

3  can be brought under any the three prongs.

4       97.    Shot of Joy has engaged and continues to engage in "unlawful" business

5  practices as described above, including but not limited to, trademark infringement,

6  copyright infringement, and false advertising in the form of false statements and false

7  descriptions and representations that are likely to deceive and do in fact deceive the

8  public into falsely believing that consumer product reviews concerning FEEL FREE

9  are describing Shot of Joy tonics. Accordingly, Shot of Joy has violated several state

10  and federal laws, including (1) federal and state trademark infringement laws; (2)

11  federal copyright infringement law; (3) California's False Advertising Law; and (4)

12  the Federal Lanham Act. This conduct is unlawful and constitutes unlawful

13  competition within the meaning of California Business and Professions Code § 17200,

14  *et seq.*

15       98.    Shot of Joy has engaged in "unfair" business practices because its

16  conduct has violated public policy. As established in California's False Advertising

17  Law, California has a strong public policy in favor of truthful advertising. This policy

18  is only strengthened in matters of public health and Shot of Joy has intentionally

19  distributed false advertising.

20       99.    Shot of Joy has engaged in "fraudulent" business practices by misleading

21  the public in numerous ways. Shot of Joy has deceptively edited videos to

22  fraudulently deceive consumers and has also overstated the health benefits of kava and

23  kratom with unsupported statements designed to mislead consumers.

24       100.   Shot of Joy's actions demonstrate intentional, willful, and malicious

25  intent to unlawfully compete with Botanic Tonics and trade on the goodwill associated

26  with Botanic Tonics's products causing Botanic Tonics great and irreparable harm.

27       101.   As a direct and proximate result and consequence of the foregoing,

28  Botanic Tonics has suffered and will continue to suffer irreparable harm and loss, and

1  sustained damages, including but not limited to, loss of opportunity of obtaining

2  and/or retaining valuable business relationships, loss of profits and future profits, loss

3  of reputation, and loss of good will.

4       102.   These substantial injuries are not outweighed by any countervailing

5  benefits to consumers, specifically due to California's policy in favor of truthful

6  advertising.

7       103.   Shot of Joy's wrongful conduct, unless and until enjoined and restrained

8  by order of this Court, pursuant to California Business and Professions Code § 17203

9  will cause severe and irreparable injury to Botanic Tonics's reputation, goodwill, and

10  business for which Botanic Tonics has no adequate remedy at law. Accordingly,

11  Botanic Tonics is entitled to injunctive relief and restitution.

12                          **REQUEST FOR RELIEF**

13       WHEREFORE, Botanic Tonics respectfully requests that this Court enter

14  judgement in its favor against Shot of Joy as follows:

15       1.   Shot of Joy be held liable under each claim of relief set forth against it in

16  this Complaint;

17       2.   Shot of Joy be compelled to pay Botanic Tonics monetary damages

18  suffered as a result of Shot of Joy's infringing acts, false advertising, and unfair

19  competition, including harm to Botanic Tonics's reputation and actual damages

20  suffered, as well as lost profits for lost sales resulting from those acts;

21       3.   Botanic Tonics be awarded all damages caused by the acts forming the

22  basis of this Complaint;

23       4.   Shot of Joy and all of its agents, officers, employees, representatives,

24  successors, assigns, attorneys, and all other persons acting for, with, by, through or

25  under the authority of Shot of Joy, or in concert or participation with Shot of Joy, and

26  each of them, be enjoined from:

27           a.   Advertising, marketing, promoting, offering for sale, distributing,

28  or selling Shot of Joy tonics and products;

b.    Using any copyright, trademark, name, logo, design, or source designation of any kind on or in connection with Shot of Joy's goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any Botanic Tonics's trademarks, trade dresses, names, or logos;

c.    Using any copyright, trademark, name, logo, design, or source designation of any kind on or in connection with Shot of Joy's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Botanic Tonics, or are sponsored or authorized by Botanic Tonics, or are in any way connected or related to Botanic Tonics; and

d.    Passing off or assisting in passing off or palming off Shot of Joy's goods as those of Botanic Tonics, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

5.    Based on Shot of Joys knowing and intentional use of a confusingly similar imitation of Botanic Tonics's aforementioned marks, the damages awarded be trebled and award of Shot of Joy's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6.    Shot of Joy be required to pay Botanic Tonics's the costs of reasonable attorneys' fees incurred by Botanic Tonic in this action pursuant to 15 U.S.C. § 1117(a);

7.    Based on Shot of Joy's willful and deliberate infringement of Botanic Tonics's aforementioned marks and copyrights, unfair business practices, false advertising and to deter such conduct in the future, Botanic Tonics be awarded punitive damages; and

8.    Botanic Tonics be granted such other and further relief as the Court determined to be just and proper.

/ / /

/ / /

FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY TRIAL DEMAND**

Botanic Tonics respectfully demands a jury trial on all claims and issues so triable.

Respectfully submitted this 29th day of April, 2024.

Dated:  April 29, 2024

**ARNALL GOLDEN GREGORY LLP**

By:   /s/ Matthew D. Zapadka
        KEVIN M. BELL
          *(Admitted Pro Hac Vice)*
        MATTHEW D. ZAPADKA
          *(Admitted Pro Hac Vice)*
        JUSTIN F. FERRARO BELL
          *(Admitted Pro Hac Vice)*

**WILSON TURNER KOSMO LLP**
        FREDERICK W. KOSMO, JR.
        HUBERT KIM

**GORDEE, NOWICKI & BLAKENLY LLP**
        KEVIN R. NOWICKI

        Attorneys for Plaintiff
        BOTANIC TONICS, LLC

FIRST AMENDED COMPLAINT

**EXHIBIT INDEX**

| Exhibit No. | Description | Page Numbers |
|:---:|:---|:---:|
| A. | Assignment of Copyright | 31-38 |
| B. | United States Copyright Office Certificate of Registration No. PA 2-433-515 | 39-41 |

FIRST AMENDED COMPLAINT