1  **LINCOLN, GUSTAFSON & CERCOS, LLP**
   *ATTORNEYS AT LAW*
2  **101 West Broadway, Suite 1600**
   **San Diego, California 92101**
3  (619) 233-1150/ Fax: 233-6949

4  RANDALL D. GUSTAFSON, SBN 260136
   rgustafson@lgclawoffice.com
5  AMANDA M. BREMSETH, SBN 303156
   abremseth@lgclawoffice.com
6

7  Attorneys for Defendant, SHOT OF JOY, LLC

8

9  **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BOTANIC TONICS, LLC, a Delaware corporation, | Case No.: 2:23-cv-10437-WLH-PD |
| Plaintiff, | **DEFENDANT SHOT OF JOY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS** |
| vs. | |
| SHOT OF JOY, LLC, a California limited liability company, | District Judge:   Wesley L. Hsu |
| Defendant. | Date:  Friday, August 16, 2024
Time: 1:30 p.m.
Courtroom: 9B |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 16, 2024 at 1:30 p.m. in Courtroom 9B of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, defendant SHOT OF JOY LLC will, and hereby does, move this Court to dismiss Plaintiff BOTANIC TONICS, LLC's Second Amended Complaint (Docket No. 60) under Federal Rule of Civil Procedure 12(b)(6)for failure to state a claim upon which relief may be granted and on the basis that Plaintiff lacks standing.

This Motion is made following the conference of counsel where the parties thoroughly discussed the substance and potential resolution of the filed motion by

videoconference pursuant to Local Rule 7-3 and Standing Order, Section G.1.(a), which took place June 4, 2024.

    This Motion is and will be based on this Notice, the following Memorandum of Points and Authorities, other materials already in the Court's file, and such other argument and authority as may be presented in connection with the Motion.

Dated: June 12, 2024        LINCOLN, GUSTAFSON & CERCOS

                                By /s/ *Amanda Bremseth*
                                RANDALL D. GUSTAFSON
                                AMANDA M. BREMSETH
                                Attorneys for Defendant SHOT OF JOY LLC

# **TABLE OF CONTENTS**

I.  INTRODUCTION..................................................................................................6

II.  BACKGROUND..................................................................................................6

III.  LEGAL STANDARDS ........................................................................................8

    a.  Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)...................................8

    b.  Standing for Botanic's Claims Two and Three…......................................8

IV.  ARGUMENT.......................................................................................................9

    a.  Botanic lacks standing to bring its second claim for federal copyright infringement because it has suffered no injury in fact and failed to demonstrate that any injury can be redressed...........................................9

        i.  Botanic has not suffered an injury in fact because it was not the owner of any legal right to the alleged copyrighted work at the time of the alleged infringement and was not properly assigned the rights to accrued causes of action for copyright infringement……………….....................................................9

        ii.  Botanic has failed to plead any cognizable damages in relation to its federal copyright claim and cannot show that a favorable decision will redress an injury to Botanic....................................................14

    b.  Botanic lacks standing to bring its third claim for federal unfair competition and fails to state a claim upon which relief may be granted...15

        i.  Botanic fails to demonstrate standing under the Lanham Act and fails to adequately state a claim under Rule 12(b)(6)......................15

V.  CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

**Cases** **Pages(s)**

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*
    944 F.2d 971 (2d Cir. 1991) …………………………………………………..10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ……………………………………………………….. 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S.544 (2007) ……………………………………………………….. 8, 17

*Brown v. Elec. Arts, Inc.*,
    724 F.3d 1235 (9th Cir. 2013) ................................................................................ 8

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
    528 F.3d 696 (9th Cir. 2008) ............................................................................. 14

*Div. of Labor Law Enforcement v. Transpacific Transp. Co.*,
    69 Cal.App.3d 268 (1977) …..……………………………………...………11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) ……..……………………………….……………9, 14

*Giddings v. Vision House Prod.,*
    584 F.Supp.2d 122 (D. Ariz. 2008) ……………………………….……12, 13

*HomeLight, Inc. v. Shkipin,*
    No. 22-CV-03119-PCP, 2023 WL 6284738 (N.D. Cal. Sept. 27, 2023)………………………………………………………………………...16

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
    672 U.S. 118 (2014) …………………………………………………15, 16

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ……………………………………………………… 8

*Oracle Corp. v. SAP AG,*
    765 F.3d 1081 (9th Cir. 2014) ……..……………………………………..14

*Oskar Sys., LLC v. Club Speed, Inc.,*

  745 F. Supp. 2d 1155 (C.D. Cal. 2010) …..…………………………….9, 11, 12

*Spokeo, Inc. v. Robins*
  578 U.S. 330 (2016)..……………………………………………………………..9

*Swift Harvest USA, LLC v. Dolla Gen. Corp.*
  2018 U.S. Dist. LEXIS 217845 (C.D. Cal.) ….………………………………….11

*ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, LLC,*
  831 Fed. Appx. 325 (9th Cir. 2020) )……………………………………………..17

*ThermoLife Int'l, LLC v. Compound Sols.,*
  848 F. App'x 706 (9th Cir. 2021)…………………………………………….8, 15

*TrafficSchool.com, Inc. v. Edriver Inc.,*
  653 F.3d 820 (9th Cir. 2011) ..……………………………………………..…16

*Wise v. City of Portland,*
  539 F. Supp. 3d 1132 (D. Or. 2021) ……………………………………………9

**Statutes**  **Page(s)**

15 U.S.C. § 1125 ...............................................................................................8, 15

17 U.S.C. § 106 ...................................................................................................... 8

Lanham Act (15 U.S.C. § 1051-1127)……………………………………………*passim*

**Court Rules**  **Page(s)**

Federal Rule of Civil Procedure 8……………………………………………………..8

Federal Rule of Civil Procedure 12…...………………………….………..*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant SHOT OF JOY LLC ("SOJ") hereby moves to dismiss the Second Amended Complaint filed by Plaintiff BOTANIC TONICS, LLC ("Botanic") in the above captioned action (Docket No. 60, the "SAC"). Botanic fails to adequately allege facts to support that Botanic has standing to bring the second or third claim of the SAC; and, as a result, Botanic's second and third claims must be dismissed for lack of standing. Additionally, with respect to the third cause of action of the SAC, Botanic fails to adequately allege facts to support that SOJ's allegedly infringing conduct proximately caused Botanic's alleged injury in and/or, the SAC fails to allege facts beyond a formulaic recitation of the elements; as a result, Botanic's third claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. As such, SOJ requests this Court dismiss the second and third claims of the SAC.

## II. BACKGROUND

SOJ and Botanic both engage in the online promotion and sale of plant-based tonics. Botanic has alleged that it is the owner of the federally registered trademark "FEEL FREE," which Botanic uses in a stylized manner as a brand-name and designation of source on its line of tonics:



(SAC at ¶ 14).

SOJ brands and designates its tonics with the words "SHOT OF JOY" which it displays in a stylized manner on its products and which it uses in both plain text and a stylized manner on its marketing and website as a designation of source for its tonics. Botanic's SAC alleges trademark infringement on the basis that SOJ has used the words "feel" and "free" in its online advertising—sometimes together (as a phrasal verb "feel free") and other times apart from one another (as in "feel excited and free"):

(SAC at ¶ 20).

Botanic also brings claims seeking to enforce copyright rights against SOJ for a video which was created and published by a third-party who is not a part of this action. Botanic alleges that after the alleged infringing acts, Botanic has subsequently acquired and registered the copyright and now seeks to retroactively recover against SOJ. Botanic also purports to bring separate claims against SOJ under California Business and Professions Code §§ 17200 and 17500. In addition to raising allegations on behalf of unknown and unnamed consumers, these claims substantially assert the same rights as Botanic's trademark and copyright claims.

SOJ previously filed a Motion to Dismiss Botanic's Complaint. (Docket No. 34, the "prior Motion"). The Court granted the prior Motion with respect to the second and third claims of the Complaint on standing grounds. (Docket No. 50, pp. 8-11.) Botanic amended its Complaint twice, and the SAC was filed on May 29, 2024. The SAC is still deficient with respect to the second and third claims.

SOJ now moves the Court to dismiss the second and third claims of the SAC and respectfully submits the following points and authorities.

## III. LEGAL STANDARDS

### a. Motions to Dismiss under Fed. R. Civ. P. 12(b)(6).

Courts may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To properly plead a cause of action, a Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555 (2007). While detailed factual allegations are not always necessary, a well-pled Complaint must allege "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Further, the court need not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1248 (9th Cir. 2013) (quotation omitted).

Additionally, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard is not an assessment of factual probabilities; however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). The court is not required to accept as true legal conclusions couched as factual allegations. *See id.* at 678.

### b. Standing for Botanic's Claims Two and Three.

In order to establish Article III standing, a plaintiff must show that they have suffered an injury in fact, there must be a causal connection between the injury and the conduct complained of, and it must be likely the injury will be redressed by a favorable

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In addition, claims arising under a particular statute (*i.e.*, 15 U.S.C. § 1125(a) and 17 U.S.C. § 106) may impose additional, narrower standing requirements. *See ThermoLife Int'l, LLC v. Compound Sols., Inc.*, 848 F. App'x 706, 709 (9th Cir. 2021) (holding that in order to assert a federal unfair competition claim, which derives from the Lanham Act, a plaintiff must have standing under both Article III and the Lanham Act).

## IV. ARGUMENT

### a. Botanic lacks standing to bring its second claim for federal copyright infringement because it has suffered no injury in fact and failed to demonstrate that any injury can be redressed.

Article III of the Constitution confers only limited authority on federal courts, and a plaintiff must demonstrate standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). In order to demonstrate standing, a plaintiff must show: (1) an injury in fact; (2) that the injury is traceable to the challenged action of the defendant; and (3) that it is likely that the injury will be redressed by a favorable decision in the court. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

### i. Botanic has not suffered an injury in fact because it was not the owner of any legal right to the alleged copyrighted work at the time of the alleged infringement and was not properly assigned the rights to accrued causes of action for copyright infringement.

"An 'injury in fact' means an invasion of the plaintiff's legally protected interest that, among other things, is 'concrete and particularized.'" *Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1140 (D. Or. 2021) (quoting *Spokeo, Inc.*, 578 U.S. 330) (emphasis added). "Only the copyright owner, or the owner of exclusive rights under the copyright, as of the time the acts of infringement occur, has standing to bring an action for infringement of such rights." *Oskar Sys., LLC v. Club Speed, Inc.*, 745 F. Supp. 2d 1155, 1159–60 (C.D. Cal. 2010) (finding that copyright holder of source code for computer program lacked standing to bring copyright infringement claim because the alleged

1   infringement occurred before assignment of copyright) (quoting 3–12 Nimmer on
2   Copyright § 12.02 [B]).

3     "[A] copyright owner can assign its copyright but, if the accrued causes of action
4   are not expressly included in the assignment, the assignee will not be able to prosecute
5   them . . . Rather, the assignee is only entitled to bring actions for infringements that
6   were committed while it was the copyright owner and the assignor retains the right to
7   bring actions accruing during its ownership of the right, even if the actions are brought
8   subsequent to the assignment." *ABKCO Music, Inc. v., Harrisongs Music, Ltd.*, 944
9   F.2d 971, 980 (2d Cir. 1991). "A grant of copyright, even if it purports to convey 'all
10  right, title and interest,' is generally construed not to assign existing causes of action
11  unless such causes of action are expressly included in the grant." *Oskar Sys., LLC,* 745
12  F. Supp. at 1159-60 (quoting *Lanard Toys Ltd. v. Novelty Inc.*, 511 F.Supp.2d 1020,
13  1033 (C.D.Cal.2007) (Snyder, J.) (finding that plaintiff could not sue for infringement
14  that occurred prior to assignment of assets from predecessor company where the
15  assignment "did not expressly convey [the predecessor company's] existing claims for
16  infringement"); *see also* Nimmer on Copyright § 12.02[B] ("An infringer can
17  extinguish its liability by obtaining a retroactive grant from one of the copyright owners.
18  Absent that unusual circumstance, only the grantor, not the grantee, has standing to sue
19  for pre-grant infringement, even if the action is filed after the grant has been executed.
20  This conclusion follows from the fact that a grant of copyright—even if it purports to
21  convey 'all right, title and interest'—is generally construed not to assign existing causes
22  of action, unless expressly included.").

23    Here, the SAC alleges that SOJ engaged in actions which Botanic states, in
24  conclusory manner, infringe upon Botanic's copyrights in a consumer-created YouTube
25  video providing a product review of its FEEL FREE product. (*See e.g.*, SAC at ¶¶ 37,
26  43, and 53). Importantly, Botanic repeatedly references an original posting date (March
27  31, 2022) of the YouTube product review Botanic purports to own. (SAC at ¶¶ 35, 37,
28  53, and 68). Botanic further includes a screenshot of the YouTube video with the date

clearly visible. (SAC at ¶ 35). Botanic goes on to allege that "[s]ince *at least* May 1, 2023,[1] [SOJ] has advertised its product on Facebook using a deceptively edited advertisement that infringes on Botanic Tonics's copyright rights." (SAC at ¶ 43). This allegation contradicts other allegations in the SAC and, assuming the date alleged is correct, Botanic was not the owner of a protected copyright interest in the video at the time of the alleged conduct by SOJ. Specifically, Botanic does not specify a date on which the alleged copyright infringement occurred aside from a reference to "May 1, 2023." (SAC at ¶ 43).

The court previously agreed and dismissed Botanic's second claim for lack of standing because there were no allegations in the Complaint, nor agreement attached to the Complaint, regarding any assignment by the creator of the subject video to Plaintiff, whereby the Court could evaluate whether a valid assignment had occurred to support Plaintiff's claim of standing to assert the copyright claim. (Docket No. 50, Order at p. 9 ¶ 26-28). Botanic subsequently amended the Complaint and filed the SAC, attaching as Exhibit A, a document titled "Assignment Agreement". (Docket No. 60, 60-1.) Despite being given the opportunity to amend, the SAC is still deficient because there are no clear facts alleged with respect to consideration at the time of the agreement's effective date (September 26, 2023), and the assignment agreement fails to comply with applicable law which provides that assignment of existing causes of action must be explicit and express. (SAC, *generally,* and Docket No. 60-1 (Exhibit A); *see also Oskar Sys., LLC,* 745 F. Supp. at 1159-60).

Under California law, a contract is valid if there is mutual assent between the parties and valid consideration. *Div. of Labor Law Enforcement v. Transpacific Transp. Co.*, 69 Cal.App.3d 268, 275 (1977). Because Exhibit A does not appear to provide any consideration to the assignor ("Influencer" also identified as Nicholas James Urban) of

---

[1] It is worth noting that although Botanic has demonstrated that it can capture a screenshot from YouTube which will document and reflect the date of a video and the information identifying the poster of the video, Botanic has chosen to include a screenshot of the allegedly infringing video which has been cropped in a manner which cuts-off the posting date and the name of the entity that posted the video. (*Compare* Screenshot of Original Video #1 *with* Screenshot of Shot of Joy Deceptive Ad, SAC ¶ 46).

the copyright for the asserted assignment as of the "effective date" of the agreement (September 26, 2023) (Docket No. 60-1), the lack of any consideration indicates that the assignor aka Influencer could not have intended to assign rights to damages for copyright infringement that had already accrued. (*Id.; see also Swift Harvest USA, LLC v. Dolla Gen. Corp.*, 2018 U.S. Dist. LEXIS 217845 (C.D. Cal.), at *9-11 (holding that an assignment of intellectual property rights was not valid because there was not sufficient evidence of consideration).

Next, Exhibit A is deficient because it fails to expressly include the subject cause of action for infringement in the language of the agreement. *See* Docket No. 60, 60-1, generally. If causes of action have already accrued at the time of the purported assignment (here, alleged to be September 26, 2023), those accrued causes of action are not presumed to be assigned unless they are *expressly* included in the language of the assignment agreement. *Oskar Sys.,* supra, at 1159-60 (quoting *Lanard Toys Ltd.,* at 1033 (a plaintiff may not sue for infringement where the assignment "did not expressly convey" existing claims for infringement). Here, Botanic asserts the following language in Exhibit A, "Influencer hereby irrevocably transfers and assigns to Botanic Tonics … all of Influencer's intellectual property rights, title, or interest, including without limitation, all copyrights, patents and/or trademarks, to the Materials … and to any and all causes of action, rights, and remedies arising under any such intellectual property rights … prior to or after the Effective Date of this Agreement, including the right to recover damages for any infringement rights…". (Docket No. 60-1, p.1) is sufficient to transfer to Botanic all causes of action that had already accrued at the time of the signing of the agreement, on September 26, 2023 (e.g. the alleged infringement that has occurred "since at least May 1, 2023"). SOJ respectfully disagrees, and Exhibit A is insufficient to convey any existing claims for infringement because there is no express inclusion of existing causes of action accrued prior to the effective date of Exhibit A. Nor are there any facts alleged in the SAC that the purported assignment to Botanics included an express assignment of the cause of action for alleged copyright

infringement that (vaguely and generally) occurred "[s]ince *at least* May 1, 2023". (SAC at ¶ 43, *see* SAC, generally.)

In *Giddings v. Vision House Prod.*, 584 F.Supp.2d 122 (D. Ariz. 2008), the court found an assignment agreement (with language similar to Exhibit A at issue here) was insufficient to transfer the accrued causes of action to plaintiff, and therefore the plaintiff had no standing to assert a copyright infringement action, and summary judgment in favor of defendant was proper. The subject assignment clause in *Giddings* stated, "The undersigned does hereby sell, transfer, convey, absolutely assign and set over . . . all right, title and interest in said original mixed media painting . . . including without limitation all copyrights and the right to secure copyright registration and any and all copyright renewal rights and in any works derived therefrom throughout the entire world and any and all rights the assignor now has or to which he may become entitled under existing or subsequently enacted federal, state or foreign law statutes or regulations for or during the full term of said copyright including without limitation the right to produce the artwork and copies of prints, the right to prepare derivative works based on the artwork, the right to distribute copies of the artwork, the right to perform and display the artwork publicly." *Id.* at 1229. The *Giddings* court found that this assignment language was insufficient to transfer the accrued causes of action as there was no **express transfer**, despite the included language of "any and all rights the assignor now has or to which he may become entitled." *Id.* at 1229. The language in the assignment agreement purporting to transfer the copyright to Botanic is similarly insufficient. According to Botanic's allegations in the SAC, the alleged causes of action for copyright infringement had already accrued at the time of the purported assignment agreement, and as such, the accrued causes of action should have been expressly referred to in any assignment agreement.

Thus, Botanic had no right, title, or legally cognizable interest in the video at the time of the alleged infringing conduct, and the assignment was insufficient to transfer rights in already-accrued causes of action to Botanic as there was no explicit and express

language transferring such causes of action in the assignment agreement. Botanic's second claim for federal copyright infringement therefore must be dismissed for lack of standing.

        **ii.    Botanic has failed to plead any cognizable damages in relation to its federal copyright claim and cannot show that a favorable decision will redress an injury to Botanic.**

In order to demonstrate standing, a plaintiff must also show that it is likely that its injury will be redressed by a favorable decision in the court. *Friends of the Earth, Inc.*, 528 U.S. 167, 180-81 (2000). This must be more than a speculative right to relief. *Id*. A "copyright owner is entitled to recover [1] the actual damages suffered by him or her as a result of the infringement, and [2] any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014). In some circumstances, copyright owners may also be able to recover statutory damages. "[I]n order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008).

While Botanic loosely alleges that it may be eligible to receive statutory damages based on its registration of the video at issue, Botanic has failed to allege facts necessary to support this. According to the SAC, Botanic registered its copyright on October 9, 2023. Botanic has not alleged a single instance of infringement on or after October 9, 2023, and the registration date is not within three months of the alleged initial date of publication. Based on the allegations of the SAC, Botanic cannot recover statutory damages.

While copyright owners can also recover actual damages including disgorgement of an infringers' related profits, Botanic fails to plead any actual damages or allege any facts specifying that (or how) the alleged copyright infringement resulted in discernable profit for SOJ. Botanic's allegations asserting damages for its federal copyright

infringement claim include vague statements such as "[SOJ] reaped the benefits of the unauthorized copying and distribution of the [Botanic's] Copyrighted Work in the form of revenue and other profits that are driven by the sale of [SOJ's] tonics…" and "[SOJ] by its actions, has damaged [Botanic] in an amount to be determined at trial." (Docket No. 60, SAC at ¶¶ 72, 74). Aside from these conclusory statements, Botanic has failed to allege any actual damages or relief to which it would be entitled if it were to prevail on its claim.[2] Thus, Botanic's second claim for copyright infringement must be dismissed for lack of standing.

### b. Botanic lacks standing to bring its third claim for federal unfair competition and fails to state a claim upon which relief may be granted.

In order to assert a federal unfair competition claim, which derives from the Lanham Act, a plaintiff must have standing under both Article III and the Lanham Act. *See ThermoLife Int'l, LLC v. Compound Sols., Inc.*, 848 F. App'x 706, 709 (9th Cir. 2021). "The relevant question is not whether the plaintiff's interest is reasonable, but whether it is one the Lanham Act protects; and not whether there is a reasonable basis for the plaintiff's claim of harm, but whether the harm alleged is proximately tied to the defendant's conduct. *Lexmark Int'l, Inc. v. Static Control Components*, Inc., 572 U.S. 118, 137 (2014). Thus, demonstrating statutory standing under the Lanham Act is a heightened standard and requires allegations that an alleged injury be proximately tied to the defendant's conduct. *See id.*

### i. Botanic fails to demonstrate standing under the Lanham Act and fails to adequately state a claim under Rule 12(b)(6).

To sufficiently plead Article III standing in an unfair competition claim under the Lanham Act, a plaintiff must first demonstrate that it falls within the "zone of interests" protected by the Lanham Act. *Lexmark Int'l, Inc.*, 572 U.S at 131–32. "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* Next, a plaintiff must

---

[2] This is further compounded by the fact that the alleged injury is not Botanic's injury but rather an injury to an unspecified party who held the legal rights to the video at issue prior to the assignment alleged by Botanic.

demonstrate that its injuries are proximately caused by violating the Lanham Act. *Id.* at 132. Specifically, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133-34. Proximate causation can be demonstrated in several ways. For example, if the plaintiff and defendant are direct competitors, courts have held that there is a "presumed commercial injury that is sufficient to establish standing" when consumers "withhold trade from the plaintiff" due to the defendant's deceptive practices. *Lexmark*, 572 U.S. at 133; *see also TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011). Proximate cause can also be shown when the allegedly false advertising "necessarily injure[s]" the plaintiff's business by demonstrating a "1:1 relationship" between the transactions diverted to the defendant and the plaintiff's losses. *Lexmark*, 572 U.S. at 139. Allegations of proximate cause cannot be conclusory or speculative. *See, e.g., HomeLight, Inc. v. Shkipin*, No. 22-CV-03119-PCP, 2023 WL 6284738, at *6 (N.D. Cal. Sept. 27, 2023) (finding that a loss of "goodwill" based on false and misleading statements is "too attenuated to satisfy the proximate cause requirement").

Here, Botanic's allegations of unfair competition under the Lanham Act do not plausibly allege facts showing that consumers withheld trade from Botanic on the basis of SOJ's allegedly deceptive advertising. (*See* Docket No. 60, SAC at COUNT III, ¶¶ 76-85). The result, and without more, is that Botanic is not entitled to a presumption of any injury simply because it asserts Botanic and SOJ are competitors. *Lexmark, supra,* at p. 133.

Nor does Botanic allege any facts demonstrating whether (or how) SOJ's alleged conduct is proximately tied to consumers withholding trade from Botanic. Instead, Botanic merely recites the elements of the claim while failing to plead specific allegations of a lost sale or a missed sales transaction. (*See* Docket No. 60, SAC at ¶ 83). Such formulaic recitation of elements is insufficient to demonstrate statutory

standing requirements imposed by the Lanham Act and is also insufficient to state a claim under Rule 12(b)(6). *See Twombly*, 550 U.S. 544, 555 (holding that "a formulaic recitation of the elements of a cause of action" is insufficient). On SOJ's prior Motion, the Court agreed and dismissed Botanic's third claim. (Docket No. 50, at p. 11, ¶ 16-17).

The SAC still fails to allege any facts to support that SOJ's allegedly infringing conduct proximately caused any of the alleged damages to Botanic. Botanic alleges that, "Shot of Joy's deceptive conduct, which lured consumers to purchase its products instead of Botanic Tonics's products, directly resulted in those customers not purchasing Botanic Tonics products. Furthermore, any customer who was enticed to purchase Shot of Joy's products because of this deceptive ad would have necessarily purchased Botanic Tonics's FEEL FREE because the deceptive video actually depicted clips of positive reviews of FEEL FREE, not Shot of Joy. By deceiving consumers using FEEL FREE's brand name, copying imagery and videos made about FEEL FREE, and providing misleading and/or deceptive statements to consumers, those statements have harmed Botanic Tonics by displacing sales that would have gone to Botanic Tonics but for Shot of Joy's actions, leading to lost profits, reduced sales, reputational harm, and other monetary damages arising therefrom." Docket No. 60, SAC at ¶ 58. This is not sufficient to allege proximate cause and is conclusory and speculative, just like in Botanic's original Complaint, and the court should grant this motion and dismiss Botanic's third claim.

Just like the insufficient allegations in Botanic's SAC, in *ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, LLC,* 831 Fed. Appx. 325 (9th Cir. 2020), the plaintiff's vague allegations that defendant sold products that contain plaintiff's ingredients and that plaintiff's overall sales dropped in 2016 as a result of defendant's illegal sales was not enough to defeat the defendant's motion to dismiss. In affirming the lower court's granting of the motion to dismiss, the court held that these allegations were conclusory and failed to plausibly connect the drop in sales to alleged false advertising or alleged

illegal sales. *Id.* at 326. Similarly, here the allegations in the SAC are conclusory and fail to plausibly connect speculatory lost profits and reduced sales to SOJ's conduct. Botanic simply makes a conclusory allegation that by making deceptive statements, SOJ has harmed Botanic by leading to lost profits and reduced sales. These allegations are not specific and are conclusory in the same manner as the original Complaint where the court dismissed the third claim.

Thus, Botanic's third claim must be dismissed for failure to adequately state a claim under Rule 12(b)(6).

## V. CONCLUSION

For the reasons articulated above, SOJ respectfully requests that the second and third claims of the SAC be dismissed on the basis that the third claim fails to state a claim upon which relief can be granted and that Botanic lacks standing to assert both claims.

The undersigned, counsel of record for Defendant, Shot of Joy LLC, certifies that this brief contains 4180 words, which: _X_ complies with the word limit of L.R. 11-6.1.

Dated: June 12, 2024                     LINCOLN, GUSTAFSON & CERCOS

By /s/ *Amanda Bremseth*
RANDALL D. GUSTAFSON
AMANDA M. BREMSETH
Attorneys for Defendant SHOT OF JOY LLC